PEOPLE *v.* ANCKSORNBY.

1. CRIMINAL LAW—SECOND OFFENSE MUST BE SO CHARGED IN IN-
FORMATION.
    Since the statute provides an increased punishment for
    a second or subsequent offense, it must be charged as such
    in the information.[1]

2. SAME — SENTENCE AS FOR SECOND OFFENSE WHERE NOT SO
CHARGED WAS ERROR.
    In a prosecution for a violation of the prohibition law,
    where it was not charged as a second offense, the trial
    judge was in error in sentencing defendant, on his plea
    of guilty, as for a second offense, because defendant, after
    his plea, admitted to the judge that he had been previously
    convicted and sentenced for a similar offense.[2]

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.   Submitted April 16, 1925.   (Dock-
et No. 115.)   Decided May 14, 1925.

Cahill Ancksornby was convicted of violating the
liquor law, and sentenced to imprisonment for not less
than one nor more than two years in the State prison
at Jackson.   Reversed.

*John J. McKenna* and *Thaddius B. Taylor*, for ap-
pellant.

*Earl W. Munshaw*, Prosecuting Attorney (*Homer
H. Freeland*, of counsel), for the people.

McDONALD, C. J.   The defendant pleaded guilty
in the superior court of Grand Rapids to an informa-
tion charging him with the unlawful possession of
intoxicating liquor, and with selling and furnishing
one pint of moonshine whisky in violation of the pro-

[1]Indictments and Informations, 31 C. J. § 282; [2]Criminal Law,
16 C. J. § 3180.

hibition law. It was not charged in the information as a second or subsequent offense, but it was treated as such by the trial court, and the defendant was sentenced to imprisonment at Jackson State prison for a maximum term of two years and a minimum term of one year, with a recommendation of one year. The reason for the sentence is explained by the trial court in a certificate which he has attached to the record as follows:

"In order that the Supreme Court may understand the. reason for the sentence imposed, the trial court hereby certifies the following amendment to the said bill of exceptions.

"When the respondent was examined by the court, after his plea of guilty, he admitted that he was the same person as Charles Anson who was previously sentenced by this court on the 29th day of June, 1922, upon his plea of guilty to a violation of Act No. 338 of the Public Acts of Michigan for the year 1917, as amended, commonly known as the liquor law. The court, therefore, treated the pending case as a second violation and imposed sentence as and for a second violation."

The trial judge was in error. He sentenced the defendant for an offense of which he had not been convicted. The statute provides an increased punishment for a second or subsequent offense, but it must be charged as such in the information. That was not done in this case. As the sentence imposed was greater than that prescribed for the offense charged, to which the defendant entered a plea of guilty, it is excessive and illegal. The case will be remanded for proper sentence as for a first offense. And in imposing sentence the trial court will take into consideration the fact that the defendant has served six months in prison under the unauthorized sentence.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.