*In re* WILSON.

1. CRIMINAL LAW—ESCAPE—STATUTES—FAILURE TO DESIGNATE CRIME AS FELONY OR MISDEMEANOR.

   Fact that statute prescribing punishment for prison or jail break and escape as imprisonment in the State prison or county jail failed to specify whether such crime was a felony or a misdemeanor does not render statute void in view of another statute constituting an offense punishable by imprisonment in the State prison a felony (3 Comp. Laws 1929, §§ 17118, 17694).

2. ESCAPE—SERVICE OF SENTENCE AFTER EXPIRATION OF SENTENCE THEN BEING SERVED—STATUTES.

   Imposition of three-year sentence for breaking and escaping from jail to start from expiration of 7½- to 15-year sentence

for breaking and entering in the nighttime then being served and subsequent imposition of 4 to 4½ years under habitual criminal law for second offense arising from a later prison break and escape to start from expiration of then present sentence *held*, within statute then in force (3 Comp. Laws 1929, §§ 17118, 17694).

3. SAME—SENTENCE—SECOND OFFENSE.

A sentence for escaping from jail imposed upon one previously sentenced 7½ to 15 years for breaking and entering in the nighttime does not have to be an indeterminate sentence where it is a second offense (3 Comp. Laws 1929, §§ 17118, 17336–17338, 17694).

4. HABEAS CORPUS—QUESTIONS REVIEWABLE.

In habeas corpus proceeding by prisoner seeking discharge from custody, complaint that after his escape from State prison he was punished by the prison authorities and that his sentence constituted double punishment may not be considered (3 Comp. Laws 1929, §§ 17118, 17694).

5. CRIMINAL LAW—ESCAPES—SENTENCE—HABITUAL CRIMINAL.

Sentence of one, serving sentence of 7½ to 15 years for breaking and entering in the nighttime, for prison break and escape after he had made a jail break and escape and been sentenced to three years to start at expiration of sentence then being served was properly raised to 4½ years by application of the habitual offender statute (3 Comp. Laws 1929, §§ 16586, 17118, 17338, 17694).

6. SAME—MINIMUM SENTENCE UNDER HABITUAL CRIMINAL LAW.

The habitual criminal act, in prescribing the minimum and maximum sentences for second offenders, does not require that minimum sentence imposed be as short as statutory minimum but merely prevents imposition of a minimum less than the statutory minimum (3 Comp. Laws 1929, § 17338).

7. SAME—HABITUAL CRIMINAL LAW—STATUTES—SENTENCE.

Claim of one serving sentence for prison break and escape that sentence imposed therefor under habitual criminal act required vacation of sentence originally imposed for breaking and entering in the nighttime, hence, that sentence imposed was not in compliance with statute, *held*, absurd (3 Comp. Laws 1929, §§ 16586, 17118, 17338, 17341, 17694).

8. SAME—JOINT TRIAL.

Defendant who consented to joint trial with fellow offender may not claim error because trial was joint.

Petitions by Richard Wilson for writ of mandamus ordering Michigan Pardon and Parole Board to restore to him time served on an allegedly void sentence, and for writ of habeas corpus. Submitted August 6, 1940. (Calendar Nos. 40,856 and 41,020.) Writs denied October 7, 1940.

*Richard Wilson, in pro per.*

*Thomas Read,* Attorney General, *Edmund E. Shepherd* and *Andrew De Maggio,* Assistants Attorney General, for the people.

WIEST, J. Petitioner, a prisoner in the branch of the State prison at Marquette, seeks our writ of mandamus commanding the members of the pardon and parole board to grant him the relief hereinafter mentioned and, under writ of habeas corpus, to order his discharge from imprisonment. We issued an order for the board to show cause and a writ of habeas corpus accompanied by an ancillary writ of certiorari to bring before us the various proceedings involved. Returns have been made and the issues briefed.

October 5, 1929, in the circuit court for the county of Washtenaw, upon his conviction of the crime of breaking and entering in the nighttime, petitioner was sentenced to serve 7½ to 15 years in the Michigan State prison at Jackson. The day after sentence, and while in the Washtenaw county jail awaiting transfer to the State prison, he broke jail and escaped. He was apprehended, informed against for the crime of breaking jail and escaping and, upon arraignment in the circuit court for the county of Washtenaw, entered a plea of guilty and, October 14, 1929, was sentenced to be "confined at hard labor in the Michigan State prison for a period of

three years from the day of the expiration of the sentence which the said respondent is now serving at the Michigan State prison at Jackson."

In January, 1930, he was arraigned in the circuit court for the county of Jackson, the information charging that on January 9, 1930, while "imprisoned for a term of years in a prison of this State, to-wit: Michigan State prison at Jackson, did leave said prison without being discharged therefrom by due process of law."

The information also charged his previous conviction and sentence for breaking and entering and that the offense of leaving the prison constituted him a second offender within the provisions of Act No. 175, Pub. Acts 1927, as amended.*

To the information he entered a plea of not guilty and the court appointed an attorney for him and, by consent, he was tried by a jury jointly with a like offender. At the trial his guilt, under his own testimony, was established beyond question and the trial judge so instructed the jury. He was found guilty and sentenced to "be confined at hard labor in the branch of the Michigan State prison at Marquette, Michigan, for the minimum period of four years and for the maximum period of four and one-half years. The said sentence to begin at the (expiration of) said defendant's present sentence."

September 30, 1936, the commissioner of pardons and paroles made the following order:

"Do hereby annul the remaining portion of the sentence imposed upon Richard Wilson No. 5447 by the circuit court for the county of Washtenaw on October 5, 1929, for the crime of B&E nighttime to permit him to commence serving the sentence imposed upon him by the circuit court for the county

---

* 3 Comp. Laws 1929, § 17338 (Stat. Ann. § 28.1082),—Reporter.

of Washtenaw on October 14, 1929, for the crime of breaking jail.''

May 15, 1939, the board made the following order:

"It is the order of this board that sentence of October 14, 1929, of three to three years, for breaking jail, be terminated as of July 6, 1939, to permit subject on July 7, 1939, to begin the service of his subsequent sentence of 4 to 4½ years, for escaping prison, imposed April 11, 1930. It is now the order of this board that effective date on this termination as above mentioned be changed to read 'effective as of May 24, 1939, and subject is to begin service of his subsequent sentence, as of May 25, 1939.' ''

Petitioner asked the board if he was not entitled to special good time on the three-year sentence he was serving for breaking jail, and was informed:

"You get regular good time. You are not getting special on your 3 to 3 year sentence.''

Petitioner claims the sentence of October 14, 1929, for breaking jail was under penal code (Act No. 328, § 195, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-195, Stat. Ann. § 28.392]), which fixes imprisonment in the county jail and, therefore, writ of mandamus should issue commanding the board to "enter an order forthwith, restoring to petitioner all time served on the void sentence of October 14, 1929, and * * * that such time be counted or computed as on the sentence of April 11, 1930, with full credit for, and allowance of, all statutory good time earned from October 1, 1936, to and including the present.''

The sentence imposed in 1929 was not under an enactment of 1931 but under 3 Comp. Laws 1929, § 17694, then in effect, which provided:

"If any person lawfully imprisoned in any jail, workhouse, or house of correction, under sentence

of confinement at hard labor, shall break such prison and escape, he shall be punished by imprisonment in the State prison or county jail not more than three years, in addition to the unexpired portion of the time for which he was originally imprisoned."

The claim that the statute is void because it does not specify whether the crime therein mentioned is a felony or a misdemeanor and leaves sentence to the court is without merit. 3 Comp. Laws 1929, § 17118 (Stat. Ann. § 28.843), constitutes an offense, punishable by imprisonment in the State prison, a felony and, in the instance at bar, it is clearly within the statute under which he was convicted to add the imprisonment to the unexpired portion of the time for which he was originally imprisoned.

The sentence was valid and the writ of mandamus is denied, with costs against petitioner.

We now consider his alleged grounds for discharge under writ of habeas corpus.

The sentence for escaping from jail did not have to be indeterminate as it was a second offense. See 3 Comp. Laws 1929, §§ 17336–17338 (Stat. Ann. §§ 28.1080–28.1082).

The complaint that, after he escaped from the State prison, he was punished by the prison authorities and, therefore, his subsequent sentence constituted double punishment may not be here considered. See *People* v. *Huntley,* 112 Mich. 569.

The sentence in the circuit court for the county of Jackson was imposed for violation of 3 Comp. Laws 1929, § 16586, then in force, and sentence was properly raised from 3 years to 4½ years by application of the habitual offender (second felony) statute. 3 Comp. Laws 1929, § 17338.

Petitioner claims that the sentence for escape from prison and as an habitual criminal did not

comply with the statute in not imposing the statutory minimum and maximum which, in this instance, he claims, should have been from one and one-half years to four and one-half years. Such is not the statute. The statute prevents the court from imposing a minimum of less than one and one-half years.

His claim that his first sentence should have been vacated and credit given for six months served thereunder and the four and one-half year sentence substituted is absurd. He cites 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085), as authority. That statute is wholly foreign to the case at bar.

He now contends there was error in trying him jointly with a fellow offender. His consent to such a trial answers that.

No reason for his discharge appears. Writ dismissed.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER and BUTZEL, JJ., concurred.