1. Criminal Law—Questions Reviewable—Jurisdiction to Impose Sentence.

Whether or not circuit court had lost jurisdiction to sentence person convicted of a crime after delay of some $7\frac{1}{2}$ years after verdict had been rendered is not determined where, during such interim, defendant has served more than the maximum time prescribed for-offense of which he had been convicted before prosecuting attorney presented motion for imposition of sentence on the verdict (CL 1948, § 750.340).

2. Same—Sentence.

The matter of the punishment to be imposed following conviction of a crime is governed by applicable statutes; and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes.

3. Same—Sentence—Habitual Criminals.

Increased penalties for those who have previously been convicted on felony charges are not authorized unless the requirements of the statute relating to habitual criminals are met (CL 1948, §§ 769.10–769.13, as amended by PA 1949, No 56).

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error, § 823.
[3, 4] 25 Am Jur, Habitual Criminals and Subsequent Offenders, § 9.
[3, 4] Constitutionality and construction of statute enhancing penalty for second or subsequent offense. 116 ALR 209.
[6] 25 Am Jur, Habeas Corpus, § 64.

4. SAME—HABITUAL CRIMINALS—EXCESSIVE SENTENCE—STATUTES.
   The imposition of a life sentence upon a defendant convicted of a crime carrying a maximum penalty of 5 years was excessive, where statutory requirements as to habitual criminals were not followed (CL 1948, § 750.340; §§ 769.10–769.13, as amended by PA 1949, No 56).

5. SAME—SENTENCE—TIME SERVED UNDER UNAUTHORIZED SENTENCE.
   A trial court must take into consideration the amount of time a defendant has served under an unauthorized sentence in imposing a sentence authorized by statute (CL 1948, § 769.24).

6. SAME—AUTHORIZED SENTENCE—TIME SERVED UNDER UNAUTHORIZED SENTENCE.
   Defendant was entitled to discharge under writ of habeas corpus where he had served under an unauthorized sentence more time than that authorized by statute for the offense of which he was convicted before an authorized sentence was imposed (CL 1948, §§ 750.340, 769.24).

Habeas corpus by Forest Wall with accompanying certiorari to Macomb Circuit Judge to test validity of his confinement in State Prison of Southern Michigan. Submitted February 14, 1951. (Calendar No. 44,970.) Prisoner discharged May 14, 1951.

*Forest Wall, in pro. per.*

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

CARR, J. The petitioner, Forest Wall, was tried before a jury in circuit court and convicted under an information alleging a violation of the State penal code, section 340.* Under the statute such offense was punishable by imprisonment in the State prison for not more than 5 years. Following the conviction petitioner was arraigned under a supplemental information charging that he had previously been con-

* PA 1931, No 328, § 340 (CL 1948, § 750.340 [Stat Ann § 28.572]).

victed of 3 felonies. He was adjudged guilty thereunder and, on July 10, 1942, was sentenced to life imprisonment in the State prison of southern Michigan. The record before us indicates that he has been confined since that time.

In July, 1949, the trial judge, the situation having been called to his attention, entered an order setting aside the sentence imposed on petitioner, such action being based on the conclusion that the procedure taken under the supplemental information did not comply with the statutory requirements stated by this Court in *People* v. *Brown,* 253 Mich 537 (82 ALR 341). Thereafter a new supplemental information was filed, but was subsequently withdrawn. The prosecuting attorney then moved for imposition of sentence on the verdict of the jury. After argument by the prosecutor and by counsel representing petitioner the motion was granted, and on December 19, 1949, petitioner was sentenced to not less than 2½ nor more than 5 years in the State prison of southern Michigan. A commitment was issued accordingly.

The instant proceeding was instituted in this Court for the purpose of testing the legality of the sentence under which petitioner is now confined. On the filing of the application for relief a writ of habeas corpus, directed to the warden of the prison, was issued, with ancillary writ of certiorari to the circuit court. Returns to the writs have been duly filed.

In presenting the motion for sentence on the verdict of the jury it was the position of the prosecuting attorney that the time served under the life sentence imposed in July, 1942, should not be considered for any purpose, that such sentence, having been set aside, was a mere nullity, and that the situation was precisely the same as it would have been if the proceeding under the supplemental information had not been taken. The prosecutor has not filed a brief in this Court and the argument advanced before the

circuit judge is not referred to in the people's brief submitted by the attorney general and the solicitor general of the State. The acceptance of such theory would suggest inquiry as to whether jurisdiction to impose the sentence now in question was lost because of the delay of approximately 7½ years following the conviction. However, the determination of such question on this record is not required. With reference to it we merely call attention to the opinion of the Court in *People* v. *Cordell,* 309 Mich 585, and to prior decisions therein cited and discussed.

The statements of the trial judge at the time the sentence in question was imposed indicate that he relied on *In re Doelle,* 323 Mich 241, and *In re De-Meerleer,* 323 Mich 287. In the *Doelle Case* the petitioner was tried and convicted under an information charging, in separate counts, breaking and entering in the nighttime with intent to commit larceny and larceny in a store. The jury returned a verdict of guilty as charged, and sentence of not less than 7½ nor more than 15 years was imposed for the offense of breaking and entering in the nighttime, without reference to the other count. Subsequently the sentence was set aside, a new trial was granted, and Doelle was permitted to plead guilty to the offense of larceny from a store. The plea was accepted and sentence was imposed. Thereafter he challenged the validity of the sentence on the ground that he had served under the prior sentence longer than the maximum term (4 years) prescribed for the lesser offense. It will be noted that the sentence which Doelle sought to avoid was imposed following a conviction after the original sentence had been vacated. In determining the matter adversely to the petitioner's claim this Court called attention in its opinion to the fact that the matter of the punishment to be imposed following conviction of a crime is governed by applicable statutes. In this connection

*People* v. *Harwood,* 286 Mich 96, was cited, and it was said:

"The length of imprisonment for a specific felony is a matter for legislative determination and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes."

In the *DeMeerleer Case* the situation was similar, and the holding in the *Doelle Case* was expressly followed. DeMeerleer's conviction of first degree murder and sentence to life imprisonment were set aside, and on a new trial he was convicted of manslaughter. The sentence imposed was based on the second conviction, and this Court sustained it accordingly.

In the instant case a different situation is presented than was involved in either of the cases cited. The sentence imposed on petitioner in 1942, after the proceeding on the supplemental information, was for the offense of which he had been convicted by the jury. *People* v. *Palm,* 245 Mich 396. The provisions of the code of criminal procedure* relating to the punishment of habitual criminals, so-called, permit increased penalties, including life sentences in certain cases, for those who have previously been convicted on felony charges. However, such increased penalties are not authorized unless the requirements of the statute as to procedure are met. It appears in the instant case that such compliance was not had, and in consequence petitioner was not subject to sentence for a period longer than that prescribed by the statute defining the offense of which he was convicted. It follows that the sentence to life imprisonment was excessive.

It is suggested in the brief of the attorney general and the solicitor general that under the circum-

---

* PA 1927, No 175, as amended (CL 1948, § 760.1 *et seq.* [Stat Ann and Stat Ann 1949 Cum Supp § 28.841 *et seq.*]). See specifically CL 1948, §§ 769.10 to 769.13, inclusive (Stat Ann §§ 28.1082 to 28.1085, inclusive), as amended by PA 1949, No 56.

stances CL 1948, § 769.24 (Stat Ann § 28.1094), may properly be applied. Said section reads as follows:

"Whenever, in any criminal case, the defendant shall be adjudged guilty and a punishment by fine or imprisonment shall be imposed in excess of that allowed by law, the judgment shall not for that reason alone be judged altogether void, nor be wholly reversed and annulled by any court of review, but the same shall be valid and effectual to the extent of the lawful penalty, and shall only be reversed or annulled on writ of error or otherwise, in respect to the unlawful excess."

In the instant case it is undisputed that petitioner has actually served under a sentence ostensibly imposed for the offense of which he was convicted by the jury a period of time in excess of the maximum penalty fixed by the legislature in the statute under which he was prosecuted. Under the circumstances we do not think that it was within the power of the trial court to ignore the fact that petitioner had served the full statutory maximum under the sentence imposed on July 10, 1942. In *People* v. *Ancksornby*, 231 Mich 271, the defendant pleaded guilty to a violation of the prohibitory liquor law of the State, then in force. While the information did not charge that such violation was a second or subsequent offense, the trial court so treated it and sentenced defendant as a second offender. This Court held that such sentence was erroneous and that, in consequence, the sentence imposed was greater than that permitted by the statute. The case was remanded for proper sentence as for a first offense with directions to the trial court to "take into consideration the fact that the defendant has served 6 months in prison under the unauthorized sentence."

Under the facts in the case at bar, the sentence imposed on petitioner December 19, 1949, cannot be

sustained.   He is entitled to his discharge and an order will enter accordingly.

Boyles, North, Dethmers, Butzel, Bushnell, and Sharpe, JJ., concurred with Carr, J.   Reid, C. J., did not sit.