BRINSON v GENESEE CIRCUIT JUDGE

(PEOPLE v BRINSON)

Docket No. 58252. Argued November 1, 1977 (Calendar No. 6).—
Decided December 22, 1978. Rehearing denied 406 Mich 1119.

John Brinson was convicted of absconding on bond while awaiting
trial on charges of conspiracy to obtain money by false pre-
tenses and of obtaining money by false pretenses by the Gene-
see Circuit Court, Halford I. Streeter, J. He was sentenced to a
term of 47 to 48 months for absconding to be consecutive to a
sentence of 78 to 120 months on his conviction of the false
pretense charges. Brinson brought an action for superintending
control against the Genesee Circuit Judge to challenge the
sentence given for the absconding charge, and to claim credit
for time served in Pennsylvania after his arrest there until he
was extradited to Michigan on the false pretense charges. The
Court of Appeals, T. M. Burns, P.J., and D. E. Holbrook, Jr.,
and D. F. Walsh, JJ., dismissed the complaint for superintend-
ing control (Docket No. 27161). Plaintiff appeals. *Held:*

1. The Legislature traditionally has exercised its power over
sentencing to control the sentencing of all offenders, but by
statutory amendment mandated indeterminate sentences for
those "convicted for the first time of crime". The statute has
also been amended to make supplemental charging of repeat
offenders permissive rather than mandatory, but the argument
that by this amendment the Legislature intended to allow the
judiciary free rein over the form of sentences (definite term or
indefinite) for defendants not charged as habitual offenders is
not persuasive. The amendment should be read as permitting
prosecuting attorneys to determine in their discretion whether

REFERENCES FOR POINTS IN HEADNOTES BRINSON v GENESEE CIRCUIT
JUDGE

[1, 3] 21 Am Jur 2d, Criminal Law §§ 540, 614.

[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 1 *et
seq.*

[4] 16 Am Jur 2d, Constitutional Law § 395 *et seq.*
    21 Am Jur 2d, Criminal Law § 547.

[5, 6] 21 Am Jur 2d, Criminal Law § 547 *et seq.*

to charge a defendant as an habitual offender. The election not to charge does not allow the trial court to disregard the statute on sentencing of persons not charged as habitual offenders. A court must treat as a first offender a defendant not charged as an habitual offender under the statute and must give such a defendant an indeterminate sentence.

2. The statute which authorizes a consecutive sentence for a felony committed while the disposition of another felony charge is pending is not an *ex post facto* law. At the time of its enactment the plaintiff in the instant case had already committed the false pretense offenses. His offense of absconding on bond, for which the consecutive sentence was imposed, was not, however, committed until after the statute was enacted. The plaintiff had fair warning of the potential sentencing effect his absconding on bond would have; there was no application of any new punitive measure to a crime already committed.

3. The statute mandates a credit against the sentence for time served in appropriate circumstances and is to be read to benefit convicted defendants unless the intent of a consecutive sentencing statute would be frustrated by such a reading. The plaintiff in the instant case is not entitled to credit for time served for the false pretense charges because the sentence for absconding on bond is a subsequent and consecutive sentence to be served *after completion* of the prior sentence. Furthermore, the record shows that Brinson has already been given credit for the time he served in Michigan after his extradition from Pennsylvania until his conviction on the false pretense charges. However, he is entitled to credit for the 38 days which he spent in jail in Pennsylvania awaiting extradition because it is not time which he was already obliged to serve under a prior sentence.

Affirmed as modified.

1. CRIMINAL LAW — SENTENCES — FIRST OFFENSES.

The Legislature traditionally has exercised its power over sentencing to control the sentencing of all offenders, but by statutory amendment mandated indeterminate sentences for those "convicted for the first time of crime" (1927 PA 175, ch IX, § 8).

2. INDICTMENT AND INFORMATION — HABITUAL OFFENDERS — PROSECUTING ATTORNEYS — DISCRETION — SENTENCING.

Prosecuting attorneys are permitted by statute to determine in their discretion whether to charge a defendant as an habitual offender; the election not to charge, however, does not allow a trial judge to disregard the statute on sentencing of persons not

charged as habitual offenders (MCL 769.8-769.13; MSA 28.1080-28.1085).

3. CRIMINAL LAW — SENTENCES — INDICTMENT AND INFORMATION — FIRST OFFENDERS — HABITUAL OFFENDERS.

A trial court must treat as a first offender a defendant not charged as an habitual offender by supplementary information; defendants who are not charged as habitual offenders under the statute are to be given indeterminate sentences (MCL 769.8, 769.13; MSA 28.1080, 28.1085).

4. CRIMINAL LAW — CONSECUTIVE SENTENCES — STATUTES — EX POST FACTO.

The statute which authorizes a consecutive sentence while the disposition of another felony charge is pending is not an *ex post facto* law where at the time of the enactment of the statute the defendant had already committed the pending felony charged and the felony for which the consecutive sentence was imposed was not committed until after the statute was enacted (US Const, art I, § 10; Const 1963, art 1, § 10; MCL 768.7b; MSA 28.1030[2]).

5. CRIMINAL LAW — CONSECUTIVE SENTENCES — CREDIT FOR TIME SERVED.

The statute which mandates a credit in appropriate circumstances against a sentence for time previously served by a defendant is to be read to benefit defendants unless the intent of a consecutive sentencing statute would be frustrated by such a reading (MCL 769.11b; MSA 28.1083[2]).

6. CRIMINAL LAW — SENTENCES — CREDIT FOR TIME SERVED — EXTRADITION.

A defendant is entitled to credit against his sentence for absconding on bond while awaiting trial for another charge for the time he spent in jail in another state awaiting extradition to Michigan where it was not time which he was already obliged to serve under a prior sentence (MCL 769.11b; MSA 28.1083[2]).

*Leitson, Dean, Dean, Segar & Hart, P.C.,* for plaintiff Brinson.

*Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Senior Assistant Prosecuting Attorney, for defendant Genesee Circuit Judge.

KAVANAGH, C.J. Plaintiff, John Brinson, was convicted of and sentenced for absconding on bond contrary to MCL 750.199a; MSA 28.396(1). Review was sought in the Court of Appeals by a motion for superintending control, and on March 8, 1976, that court dismissed the complaint.

In his appeal to this Court, Brinson raises four issues:

1) that his sentence violates the indeterminate sentencing provision, MCL 769.8; MSA 28.1080; 2) that the consecutive sentencing statute, MCL 768.7b; MSA 28.1030(2) is void as an *ex post facto* law; 3) that the trial court erred in denying credit for time served between plaintiff's arrest in Pennsylvania and his sentencing; and 4) that his due process rights were violated when the prosecutor corresponded by letter with the sentencing judge.

We agree that Brinson's sentence of 47 to 48 months was improper and accordingly reduce his minimum sentence to 32 months, to conform with the trial judge's intent to impose a maximum indeterminate sentence. GCR 1963, 865.1(7). We also agree that plaintiff should receive credit on his sentence for all time spent in jail in Pennsylvania before extradition to Michigan. We reject plaintiff's other contentions.

I

In October, 1972, Brinson faced charges of conspiracy to obtain money by false pretenses of an amount over $100 and obtaining money by false pretenses of an amount over $100, MCL 750.218; MSA 28.415. When he failed to appear for trial on October 12, 1972, a warrant charging him with absconding on bond was issued and in January of

1973 he was arrested in Pittsburgh, Pennsylvania, pursuant to the warrant.

Plaintiff was extradited from Pennsylvania on December 7, 1973 and was confined in jail until his trial on the false pretenses charges. He was convicted of both those charges on March 22, 1974.

In November, 1975, Brinson was convicted of absconding on bond, and was sentenced to a term of from 47 to 48 months on December 5, 1975. The court ordered this sentence to run consecutively to sentences he had earlier received on his false pretenses convictions.

## II

Plaintiff first questions the validity of the 47- to 48-month sentence he received for absconding on bond, asserting that the sentence does not conform with the indeterminate sentence provision in MCL 769.8; MSA 28.1080, as construed in *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

This Court held in *Tanner* that a proper indeterminate sentence for purposes of the statute was one in which the minimum term did not exceed two-thirds of the maximum term.

We must now decide whether or not the *Tanner* holding applies where the defendant has a prior felony conviction but is not charged as an habitual criminal under MCL 769.13; MSA 28.1085. Resolution of the issue requires an interpretation of MCL 769.8; MSA 28.1080, which provides in relevant part:

"When any person shall hereafter be convicted for the first time of crime committed after this act takes effect * * * the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term * * *."

The prosecutor argues that this statutory language precludes a holding requiring an indeterminate sentence for repeat offenders not charged as habitual criminals under MCL 769.13; MSA 28.1085. In essence, this contention raises the question of whether the Legislature intended to cede control over the form of sentence (definite term or indeterminate) imposed on an offender not in fact convicted "for the first time". MCL 769.8; MSA 28.1080.

In Michigan, the Legislature has power over sentencing, *In re Callahan,* 348 Mich 77, 80; 81 NW2d 669 (1957); *People v Palm,* 245 Mich 396, 403; 223 NW 67 (1929). It has traditionally exercised that power to control the sentencing of all offenders. Between 1903 and 1927, the Legislature mandated that, with only limited and specific exceptions,[1] all offenders were to receive indeterminate sentences.

The early inclusion of all offenders under the indeterminate sentence provision was changed in 1927, however, when the Legislature mandated such sentences for those "convicted for the first time of crime". 1927 PA 175, ch IX, § 8. Despite this alteration, total legislative control over sentencing was maintained by virtue of the provision of 1927 PA 175, ch IX, § 13, making it the *duty* of the prosecutor to charge previous offenders as habitual criminals by supplement.

Assuming prosecutors observed their duty to charge repeat offenders by supplement, trial courts

---

[1] 1903 PA 136, § 1 mandated indeterminate sentences for "any person hereafter convicted of a crime, except [for] a person sentenced for life, or a child under fifteen years of age".

1905 PA 184, § 3 excepted those "convicted of an offense the only punishment for which * * * [is] life" from the § 1 requirement of indeterminate sentences for "any person". 1905 PA 184 remained the same in this respect when it was amended by 1921 PA 259.

were required to sentence under the applicable statutory provisions. 1927 PA 175, ch IX, §§ 8-13. Defendants not informed against as habitual criminals had to be sentenced as first offenders, *In re Wall,* 330 Mich 430, 434; 47 NW2d 682 (1951); if charged by supplement, the habitual criminal provisions applied. Thus, under 1927 PA 175, a trial court had discretion only to impose sentences in the form and for the period permitted by legislation.

In 1949, the Legislature amended the 1927 act, making charging of repeat offenders *discretionary* with the prosecutor. 1949 PA 56; MCL 769.10-769.13; MSA 28.1082-28.1085. With this amendment has come differing opinions concerning what sentencing provision the Legislature intended to apply to a defendant who is in fact a repeat offender but is not charged as an habitual criminal. *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976); *People v Banks,* 73 Mich App 492; 252 NW2d 501 (1977).

Relying on *In re Wilson,* 295 Mich 179; 294 NW 145 (1940), the prosecutor asserts that such a defendant, being neither a first offender nor charged as an habitual criminal, does not come within any sentencing provision and therefore may be given either a determinate or indeterminate sentence in the discretion of the court. Our reading of *Wilson,* however, does not compel that conclusion.

In *Wilson,* this Court upheld a sentence of three years upon defendant's conviction of escaping from jail:

"The sentence for escaping from jail did not have to be indeterminate as it was a second offense. See 3 Comp Laws 1929, §§ 17336-17338 (Stat Ann §§ 28.1080-28.1082)."

1929 CL 17336 *et seq.* has been amended in part and appears now as MCL 769.8 *et seq.* In *Wilson,* both § 17336, the predecessor of the provision we deal with in the instant case, and § 17338, which allowed for the enhancement of the sentence imposed on a second offender, are cited in support of the quoted holding.

Thus, while it does not appear from the balance of the opinion that the defendant's jail escape, a second offense, was charged under the then applicable habitual criminal provision, 1929 CL 17341, the *Wilson* decision is not clear on the point.

If we assume that the statutory duty to charge all repeat offenders, then imposed by 1929 CL 17341, was carried out in *Wilson,* the decision has no application to the issue presented here.

If we assume the duty was not carried out and the defendant Wilson was not charged as a second offender, treating him as such would be error.

Permitting total judicial discretion in determining the form of sentence that repeat offenders not charged as such are to serve would change the traditional legislative control over sentencing outlined above. In enacting the 1949 amendment to MCL 769.13; MSA 28.1085, making supplemental charging of repeat offenders permissive rather than mandatory, we are not persuaded the Legislature intended to allow the judiciary free rein over the form of sentences for defendants not charged as habitual offenders.

We read that amendment as permitting prosecutors to determine in their discretion whether or not the ends of justice are furthered by charging a defendant as an habitual criminal. The election not to charge as an habitual criminal does not warrant the conclusion that a trial court may disregard the provisions of MCL 769.8-769.13; MSA 28.1080- 28.1085.

In *People v Ancksornby,* 231 Mich 271; 203 NW 864 (1925), this Court was presented with the question of whether a trial court could ignore the fact that the defendant had not been charged under the habitual criminal statutes and sentence him as a second offender upon the defendant's in-court admission of a prior conviction. The Court held, 231 Mich 272:

"The statute provides an increased punishment for a second or subsequent offense, but it must be charged as such in the information. That was not done in this case. As the sentence imposed was greater than that prescribed for the offense charged, to which the defendant entered a plea of guilty, it is excessive and illegal. The case will be remanded for proper sentence *as for a first offense.*" (Emphasis added.)

Although the statutory provisions governing sentencing have been amended since this Court's decision in *Ancksornby,* we remain convinced that a court must treat as a first offender a defendant not charged as an habitual criminal. The only distinction the Legislature expressed in this legislation was between a first offender and a repeat offender on the latter's supplementation as an habitual criminal. Accordingly defendant is not to be treated as a repeat offender until the prosecutor elects to supplement.

We hold that those defendants who are not charged as habitual criminals under MCL 769.13; MSA 28.1085 are to be given indeterminate sentences under MCL 769.8; MSA 28.1080. To the extent that *In re Wilson, supra,* could be construed to the contrary, it is overruled.

### III

We find no merit in plaintiff's claim that MCL

768.7b; MSA 28.1030(2), which authorizes a consecutive sentence for a felony committed while the disposition of another felony is pending, is an *ex post facto* law. US Const, art I, § 10; Const 1963, art 1, § 10.

The statute provides:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively." MCL 768.7b; MSA 28.1030(2).

At the time of the enactment of this consecutive sentencing statute Brinson had already committed the false pretense offenses. His offense of absconding on bond, for which the consecutive sentence was imposed, was not, however, committed until after the statute was enacted.

Plaintiff therefore had "fair warning" of the potential sentencing effect his absconding on bond would have, *Dobbert v Florida,* 432 US 282, 298; 97 S Ct 2290; 53 L Ed 2d 344 (1977), and there was no "application of any new punitive measure to a crime already consummated", *Lindsey v Washington,* 301 US 397, 401; 57 S Ct 797; 81 L Ed 1182 (1937); *People v · Miller,* 357 Mich 400, 410; 98 NW2d 524 (1959).

IV

The trial court refused plaintiff any credit for time spent in confinement prior to the sentencing. The refusal was predicated on *People v Patterson,* 392 Mich 83, 90; 219 NW2d 31 (1974), where we held that a defendant who is given a consecutive

sentence is not entitled to "credit for the time he is already obliged to serve under his prior sentence".

The applicable credit statute, MCL 769.11b; MSA 28.1083(2) provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

The statute mandates the grant of credit in appropriate circumstances and is to be read to benefit defendants, *People v Havey,* 11 Mich App 69, 82; 160 NW2d 629 (1968), unless the intent of a consecutive sentencing statute would be frustrated by such a reading, *Patterson, supra.*

Brinson claims entitlement to credit for all time he was incarcerated between his arrest pursuant to the warrant for absconding on bond and his sentence on December 5, 1975.

Under *Patterson, supra,* plaintiff has no claim to credit for time spent in confinement because of his March 22, 1974 conviction on the false pretenses charges. The sentence for absconding on bond runs consecutively to the sentences Brinson received upon his false pretense convictions. A grant of credit would defeat the legislative intent that the subsequent and consecutive sentence be served after completion of the prior sentence. *Patterson, supra.*

Furthermore, there is no entitlement to credit on the absconding sentence for the time Brinson served after his extradition from Pennsylvania

until his convictions on the false pretense charges. The record before this Court indicates that he received credit for that period when sentence for the false pretense convictions was imposed.

We are convinced, however, that Brinson should receive credit for the time he spent in jail awaiting extradition from Pennsylvania to Michigan. Plaintiff was arrested in Pennsylvania in January 1973, but was not extradited to Michigan until December 7, 1973.

Time served during that period cannot be denied plaintiff under the *Patterson* holding, because it is not time he was "already obliged to serve under his prior sentence". *Patterson, supra,* 90. He had not yet been convicted of either conspiracy to obtain or obtaining money under false pretenses. Moreover, he has not yet received credit for any time spent in a Pennsylvania jail.

The record does not show how much time plaintiff spent in Pennsylvania jails awaiting extradition on this charge. The prosecutor has appended to his brief a letter from the Pennsylvania authorities indicating the time to be 38 days. The prosecutor advises us that if we are persuaded that appellant is entitled to any credit the prosecutor would not object to the allowance of 38 days. Accordingly we order that plaintiff be given such 38-day credit, GCR 1963, 865.1(7).

V

Even though not properly preserved in this appeal, we have reviewed plaintiff's contention that his due process rights were violated by the prosecutor's communication to the trial court prior to sentencing. We find the argument without merit for the reasons stated by the Court of Appeals in

*People v Brinson,* Court of Appeals Docket No. 26967 (June 14, 1977).

Affirmed as modified.

WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, C.J.