PEOPLE v BOND

Docket No. 59831. Submitted September 15, 1982, at Lansing.—Decided March 9, 1983.

Arthur L. Bond was convicted of breaking and entering and sentenced to a 4-to-15-year prison term in 1976. While a resident at Grand Rapids Correction Center, Bond received permission to visit his parents' home in Grand Rapids. Instead of returning to the Correction Center as required, Bond went to Illinois, where, four months later, he was arrested and charged with theft from a person. He was convicted and sentenced to two years imprisonment in Illinois. The Michigan Department of Corrections placed a detainer on Bond but made no effort to extradite him. Bond was paroled from the Illinois prison about ten months later and the Michigan Department of Corrections took custody of him and brought him back to face a prison escape charge. Bond pled guilty in Kent Circuit Court to the prison escape charge and was sentenced to a three-to-five-year prison term, with the sentence to commence after completion of the sentence Bond was serving at the time he escaped, George V. Boucher, J. Defense counsel asked that credit be given under the Michigan sentence-credit statute for the 349-day period which Bond spent in the Illinois prison. The court denied the credit. Bond appeals the denial of the credit. *Held:*

Credit on the Illinois sentence cannot be given when the sentence in the instant case does not start until after defendant completes his prior Michigan sentence.

ALLEN, J., concurred in the result but disagreed with Judge BURNS' statement that the intent of the consecutive sentencing statute would be frustrated by granting defendant credit for time served in Illinois. Judge ALLEN agrees with Judge KELLY's conclusion that, had defendant been charged and convicted in Michigan for both the prison escape and the subsequent felony

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 8, 9] 21 Am Jur 2d, Crimial Law § 188.

[2, 6-9] 21 Am Jur 2d, Criminal Law § 553

Sentences by different courts as concurrent. 57 ALR2d 1410.

[4] 21 Am Jur 2d, Criminal Law § 591.

[5] 21 Am Jur 2d, Criminal Law § 548.

committed while on escape status, his sentences would have begun upon the expiration of the term he was then serving when he escaped and would have run concurrently. The consecutive sentencing provision would not have been frustrated in such a case. Judge Allen states that since, while in Illinois, defendant served no time because of being denied bond or being unable to furnish bond for the offense of which he was convicted, he is entitled to no credit.

Affirmed.

M. J. KELLY, J., dissented. He would hold that, since statutory authority to the contrary is lacking, sentences imposed for prison escape should run concurrently with, and not consecutively to, sentences imposed for crimes committed while on escape status. Furthermore, since defendant was unable to post bond on the Michigan prison-escape charge due to his Illinois sentence, and because granting him sentence credit would not frustrate the intent of the consecutive-sentencing provision of the prison-escape statute, defendant should receive credit for the period of Illinois incarceration against the sentence he received for prison escape.

OPINION OF R. B. BURNS, P.J.

1. CRIMINAL LAW — ESCAPE — SENTENCING — SENTENCE CREDIT.

A defendant is not entitled to credit against a sentence imposed for prison escape for time he spent in an out-of-state prison for an unrelated crime while on escapee status in Michigan where the sentence for prison escape does not begin until after the defendant completes his prior Michigan sentence (MCL 768.7a, 769.11b; MSA 28.1030[1], 28.1083[2]).

2. CRIMINAL LAW — SENTENCING — CONCURRENT SENTENCES — JUDICIAL CONSTRUCTION.

The consecutive sentencing provision of the prison-escape statute should be construed liberally to achieve the deterrent effect intended by the Legislature (MCL 750.193; MSA 28.390).

CONCURRENCE BY ALLEN, J.

3. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT — ESCAPE.

*A Michigan prison escapee is entitled to no sentence credit against a sentence for prison escape for time he spent in an Illinois prison for an unrelated crime committed in Illinois after his prison escape where he was not denied bond or was not unable to furnish bond for the offense of which he was convicted in Michigan, i.e., prison escape (MCL 769.11b; MSA 28.1083[2]).*

4. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT — JUDICIAL
   CONSTRUCTION.
   *The sentence-credit statute is to be construed to benefit defen-
   dants (MCL 769.11b; MSA 28.1083[2]).*

5. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT.
   *A defendant who has been denied bond in a case due solely to his
   serving a sentence imposed for an unrelated crime is entitled to
   credit for the time served between arrest and sentencing unless
   a consecutive sentence is imposed, in which case no credit is to
   be given for that time if the intent underlying the applicable
   consecutive sentencing statute would be frustrated.*

6. CRIMINAL LAW — ESCAPE — SENTENCING — CONSECUTIVE SEN-
   TENCES.
   *Nothing in the prison-escape statute suggests that a prison escape
   sentence shall be served consecutive to sentences imposed for
   crimes committed while a defendant is on escape status (MCL
   750.193; MSA 28.390).*

7. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.
   *A sentence may not be imposed to run consecutively to another
   sentence in the absence of specific statutory authority.*

8. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — ES-
   CAPE.
   *Sentences imposed for crimes committed while on prison escape
   status are required to be served consecutively to sentences
   which a defendant was serving at the time of his escape (MCL
   768.7a; MSA 28.1030[1]).*

9. CRIMINAL LAW — ESCAPE — SENTENCING.
   *Sentences imposed for prison escape should run concurrently
   with, and not consecutively to, sentences imposed for crimes
   committed while on escape status.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Carol S. Irons,* Chief Appel-
late Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

R. B. BURNS, P.J. Defendant pled guilty to prison escape, MCL 750.193; MSA 28.390. He was sentenced to a three-to-five-year prison term, with the sentence to commence after completion of a sentence defendant was serving at the time of escape.

Defendant had been sentenced on December 8, 1976, to a 4-to-15-year prison term based upon his conviction for breaking and entering. Pursuant to that sentence, defendant was made a resident at the Grand Rapids Correction Center. On July 25, 1979, he left the center with permission to visit his parents' home in Grand Rapids. Defendant left the city without authority and absconded to Illinois.

In Illinois, defendant was arrested on November 17, 1979, and charged with theft from a person. An Illinois court sentenced defendant to two years imprisonment. On January 21, 1980, the Michigan Department of Corrections placed a detainer on defendant with Illinois authorities but made no effort to extradite him.

When defendant was paroled from the Illinois prison on October 31, 1980, the Michigan Department of Corrections took custody of him and returned him to this state to face the prison escape charge.

Defendant pled guilty to prison escape on May 21, 1981. He was sentenced on July 2, 1981. Defense counsel asked that credit be given under the Michigan sentence-credit statute, MCL 769.11b; MSA 28.1083(2), for the 349-day period from November 17, 1979, to October 31, 1980, which defendant spent in the Illinois prison. The trial court

denied the credit. Defendant appeals and we affirm.

In *People v Gasek,* 122 Mich App 523; 332 NW2d 520 (1983), this Court held that, because a consecutive sentence is mandated by MCL 768.7a; MSA 28.1030(1) for persons who commit crimes while on escapee status and the defendant's sentence thus did not begin until the expiration of the prior sentence, no credit could be given.

Because MCL 768.7a; MSA 28.1030(1) requires that defendant serve a consecutive sentence for escape, the fact that he served nearly a year in prison in Illinois is irrelevant if the term of his prior Michigan sentence has not run. Credit on the Illinois sentence cannot be given when the sentence in the instant case does not start until after defendant completes his prior Michigan sentence. To grant credit under these circumstances would frustrate the consecutive sentencing policy promulgated by the Legislature and, in effect, nullify part of the original Michigan sentence. See *People v Bonner,* 49 Mich App 153; 211 NW2d 542 (1973). This Court has previously determined that the consecutive sentencing statute should be construed liberally to achieve its deterrent effect. *People v Jeffrey Thompson,* 117 Mich App 210; 323 NW2d 656 (1982); *People v Williams,* 89 Mich App 633; 280 NW2d 617 (1979), *lv den* 406 Mich 995 (1979).

Affirmed.


ALLEN, J. *(concurring in the result).* I concur in the result only. I disagree that the intent of the consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1), would be frustrated by granting defendant credit for time served in Illinois. Judge KELLY correctly concludes that, had defendant been charged and convicted in Michigan for both the

prison escape and the subsequent felony committed while on escapee status, his sentences would have begun upon the expiration of the term he was then serving when he escaped and would have run concurrently. Thus, no consecutive sentencing provision would have been frustrated.

However, contrary to Judge KELLY's, analysis the credit-for-time-served statute, MCL 769.11b; MSA 28.1083(2), should be read consistently with its clear language. See *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). Also, *People v Monasterski,* 105 Mich App 645; 307 NW2d 394 (1981); *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980). Since, while in Illinois, defendant served no time "because of being denied or unable to furnish bond *for the offense of which he is convicted",* i.e., prison escape, he is entitled to no credit.

M. J. KELLY, J. *(dissenting).* Defendant pled guilty to prison escape, MCL 750.193; MSA 28.390. He was sentenced to a term of from three to five years in prison, with the sentence to commence after completion of a sentence defendant was serving at the time of his escape. He appeals as of right.

The facts of this case are not in dispute. On December 8, 1976, defendant was sentenced to a term of from 4 to 15 years in prison after being convicted of breaking and entering. Pursuant to that sentence, defendant was made a resident at the Grand Rapids Correction Center. On July 25, 1979, he checked out of the center to go to his parents' home in Grand Rapids. Subsequently, he left the city without authority and traveled to Illinois. There, on November 17, 1979, he was arrested and charged with theft from a person. He was given a two-year sentence by Illinois authori-

ties. On January 21, 1980, Michigan authorities placed a detainer on defendant with the Illinois authorities but made no effort to extradite him. When defendant was paroled from the Illinois prison on October 31, 1980, the Michigan Department of Corrections took custody of him and returned him to Michigan to face the charge of prison escape.

Defendant pled guilty to prison escape on May 21, 1981. Sentence was imposed on July 6, 1981. Defense counsel asked that credit be given under the Michigan sentence-credit statute, MCL 769.11b; MSA 28.1083(2), for the 349-day period from November 17, 1979, to October 31, 1980, which was spent in the Illinois prison. The trial court denied the credit. On appeal, the prosecutor disputes defendant's entitlement to this credit but not the amount of time requested.

MCL 769.11b; MSA 28.1083(2) provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

The statute is to be construed to benefit defendants. *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978). It mandates that credit be granted in appropriate circumstances unless the intent of a consecutive sentencing statute would be frustrated by such a reading. *Brinson, supra,* p 686. The fact that a defendant cannot post bond because he has been sentenced in another case does not change the fact that the defendant was at first "unable" to furnish bond and

later was "denied" bond in a case. *People v Chatt-away,* 18 Mich App 538, 543; 171 NW2d 801 (1969). Even when a defendant has been denied bond in a case due solely to his serving a sentence imposed for an unrelated crime, he is entitled to credit for the time served between arrest and sentencing. The only exception to this rule is when a consecutive sentence is imposed. In such a case, no credit is to be given for time served for the previous sentence if the intent underlying the applicable consecutive sentencing statute would be frustrated.

Whether defendant is entitled to credit against his prison-escape sentence for the period which he served in an Illinois prison after his escape is governed, therefore, by the intent underlying the consecutive-sentencing provision of the prison-escape statute. That statute provides in part that the sentence received for prison escape "shall be served after the termination, pursuant to law, of the sentence or sentences then being served". MCL 750.193; MSA 28.390. While this is clearly a consecutive sentencing provision, my reading of the statute convinces me that its underlying intent is for the sentence imposed for prison escape to run consecutive only to the sentences being served at the time of the prison escape. Nothing in the prison-escape statute suggests that a prison-escape sentence shall be served consecutively to sentences imposed for crimes committed while a defendant is on escape status. In the absence of specific statutory authority, a sentence may not be imposed to run consecutive to another sentence. *In re Carey,* 372 Mich 378, 380; 126 NW2d 727 (1964).

Sentences imposed for crimes committed while on escape status are required to be served consecutively to sentences which a defendant was serving at the time of his escape. MCL 768.7a; MSA

28.1030(1). Since statutory authority to the contrary is lacking, sentences imposed for prison escape should run concurrently with, and not consecutively to, sentences imposed for crimes committed while on escape status.

Crediting a defendant with time spent in an out-of-state prison for a crime committed while on escape status against a sentence subsequently imposed for the prison escape would not frustrate the intent of a consecutive sentencing statute. The defendant in the instant case was placed on a Michigan detainer for prison escape during the period he spent in an Illinois prison. He was unable to post bond on the Michigan prison-escape charge due to his Illinois sentence. Since he was unable to furnish bond on the prison-escape charge and granting him sentence credit would not frustrate the intent of the consecutive-sentencing provision of the prison-escape statute, the defendant should have received credit for the period of Illinois incarceration against the sentence he received for prison escape. As noted, the prosecutor has not disputed the dates of the Illinois incarceration, only the question of entitlement. Neither is the timeliness of the detainer raised by either party. Accordingly, pursuant to GCR 1963, 865.1(7), defendant should be given sentence credit of 349 days.

Notwithstanding this analysis, my brethren have written to deny defendant the appropriate credit. Rather than attempt to explain why the Supreme Court's decision in *Brinson* does not apply to this case, Judge ALLEN relies only on decisions of this Court. One of those decisions was written prior to the Supreme Court's decision in *Brinson,* another makes only passing mention of *Brinson* without discussing its operative language,

and the third makes no mention of *Brinson* at all. This Court is bound by decisions of the Michigan Supreme Court. See *Schwartz v Flint (After Remand)*, 120 Mich App 449; 329 NW2d 26 (1982). Judge ALLEN's concession that the intent of the consecutive sentencing statute would not be frustrated by granting defendant credit for time served in Illinois, coupled with the failure of the majority to tackle Supreme Court precedent, invites that Court's review.