PEOPLE v STEWART

Docket No. 65917. Submitted September 8, 1983, at Lansing.—Decided May 14, 1984.

Eriah Stewart, Jr., was convicted, on his plea of guilty, of larceny in a building, Washtenaw Circuit Court, Edward D. Deake, J. The offense was committed while defendant was on furlough from a prior prison sentence for an earlier conviction. Defendant was sentenced to prison, the sentence to run consecutively with the earlier sentence with no credit given for the time spent in the county jail prior to sentencing because of his inability to post bond. Defendant appealed, alleging that he was entitled to sentence credit. *Held:*

A defendant should be given credit for time served prior to sentence because of an inability to post bond. This requirement should not be automatically disregarded merely because the sentence is to be consecutive rather than concurrent. Defendant is entitled to credit.

Conviction affirmed, but sentence modified.

R. B. BURNS, J., dissented. He would hold that because defendant was on furlough at the time of the offense, and thus still under the care, custody, or supervision of the Department of Corrections, giving him credit for the time served in jail would defeat the purpose of the consecutive sentence statue.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT.

A defendant should be granted credit against his sentence for time served awaiting trial and prior to imposition of sentence where the time served bears an intimate and substantial relationship to the crime for which he is subsequently convicted.

2. CRIMINAL LAW — SENTENCING — SENTENCE CREDIT — CONSECUTIVE SENTENCES — INABILITY TO POST BOND.

Credit is required by statute to be given for time served prior to

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 548.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

sentence because of a lack of ability to post bond; the statute should not be automatically disregarded merely because the sentence is to run consecutively with a prior sentence being served for another offense (MCL 769.11b; MSA 28.1083[2]).

DISSENT BY R. B. BURNS, J.

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — SEN-
   TENCE CREDIT.
   *A defendant who is given a prison sentence to run consecutively with another sentence which the defendant was serving, but from which he was on furlough at the time of the second offense, is not entitled to credit for time served awaiting trial and sentencing on the second offense because of the disability to post bond.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Larry L. Burgess,* Assistant Prosecuting Attorney, for the people.

*Dale J. Crowe,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and ALLEN, JJ.

ALLEN, J. We agree with Judge BURNS that the sentence imposed should run consecutively with defendant's earlier sentence, but disagree that, because the sentence was consecutive, no credit should be given for the 190 days defendant spent in the county jail awaiting sentencing.

We don't agree that the granting of the presentence credit, under proper conditions, will destroy the validity of Michigan's consecutive sentencing law. Our courts have consistently granted credit where the time spent in confinement awaiting trial and prior to the imposition of sentence "bear[s] an intimate and substantial relationship to the crime for which such person is subsequently convicted". *People v Groeneveld,* 54 Mich App 424,

427-428; 221 NW2d 254 (1974), *lv den* 393 Mich 814 (1975); *People v Face,* 88 Mich App 435, 439; 276 NW2d 916 (1979); *People v Tilliard,* 98 Mich App 17, 20-21; 296 NW2d 180 (1980); *People v Donaldson,* 103 Mich App 42, 50; 302 NW2d 592 (1981). Here, defendant was not serving time in jail on his prior conviction for larceny. He was on extended furlough when he committed the second offense. Upon arraignment, bond was set at $5,000 but defendant was unable to post bond in that sum. It was defendant's inability to post bond on the second offense which caused his incarceration. We can think of no closer or more intimate relationship between the offense charged and the fact of incarceration.

Michigan's presentence credit statute requires the giving of credit for time served prior to sentence because of lack of bond. MCL 769.11b; MSA 28.1083(2). We don't believe that that statute is or should be *automatically* disregarded and held for naught merely because the second sentence is consecutive rather than concurrent. To the extent that *People v Shirley Johnson,* 96 Mich App 84, 88; 292 NW2d 489 (1980), holds to the contrary, we disagree with that holding.

We therefore amend defendant's sentence to credit him with the 190 days served prior to sentencing. GCR 1963, 820.1(7).

Affirmed as modified.

D. E. Holbrook, Jr., P.J., concurred.

R. B. Burns, J. *(dissenting).* Defendant was charged with larceny in a building, MCL 750.360; MSA 28.592. At the time of the offense, defendant was on furlough from an earlier conviction of larceny in a building, for which he had been sentenced to imprisonment of 4-6 years. After

pleading guilty to the charged offense, defendant was sentenced to a prison term of 2-4 years, which was to run consecutively with his previous sentence. He received no credit for the time he spent in the Washtenaw County jail prior to sentencing on the second larceny offense because of an inability to post bond. He now appeals, arguing that he was entitled to presentence credit for the time he spent in the county jail prior to sentencing on the second conviction.

I would hold that since defendant was on furlough at the time of the offense, he was still under the care, custody, or supervision of the Department of Corrections within the meaning of the consecutive sentencing statue, MCL 768.7a; MSA 1030(1), and accordingly defendant was properly given a sentence which is to run consecutively with his earlier sentence. *People v Lakin,* 118 Mich App 471, 473-474; 325 NW2d 460 (1982). To give defendant credit for time served in the county jail awaiting sentencing would defeat the purpose of the consecutive sentence statute. See *Brinson v Genessee Circuit Judge,* 403 Mich 676, 685-687; 272 NW2d 513 (1978); *People v Shirley Johnson,* 96 Mich App 84; 292 NW2d 489 (1980).

I would affirm.