PEOPLE *v.* KILLEBREW

1. CRIMINAL LAW—SELF-INCRIMINATION—LINEUP.

   The constitutional privilege against self-incrimination extends only to testimonial compulsion and is not violated by compulsory appearance in a lineup.

2. CRIMINAL LAW—SELF-INCRIMINATION—LINEUP.

   A criminal suspect does not have the right to refuse to appear in a lineup nor is his privilege against self-incrimination violated by compelling him to appear in one.

3. CRIMINAL LAW — SELF-INCRIMINATION — IDENTIFICATION — GARMENTS.

   A defendant's privilege against self-incrimination is not violated by requiring that he put on his hat and coat for purposes of identification in a lineup.

4. CRIMINAL LAW—LINEUP—RIGHT TO COUNSEL—PROSPECTIVE APPLICATION.

   The right of a criminal suspect to be represented by counsel at lineup is prospective and applies only to cases arising after June 12, 1967.

5. CRIMINAL LAW—RIGHT TO COUNSEL—CRITICAL STAGES.

   The right of an accused to be informed that he may retain counsel, or if indigent, have counsel appointed, attaches at the "critical stages" of a prosecution, critical meaning prosecutorial activity affecting determination of guilt or innocence which could be avoided or mitigated by counsel.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 353, 354.

[2, 3] 21 Am Jur 2d, Criminal Law § 368.

Physical examination or exhibition or, or tests upon, suspect or accused, as violating rights guaranteed by federal constitution—federal cases. 16 L Ed 2d 1332.

[4, 5, 6] 21 Am Jur 2d, Criminal Law §§ 309, 313, 314.

Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.

[6] 21 Am Jur 2d, Criminal Law § 452,

6. Criminal Law—Right to Counsel—Arraignment on the Warrant.

A defendant does not have a constitutional right to be represented by retained or appointed counsel at arraignment on the warrant which functions: 1) to provide formal notice of the charge; 2) to allow the magistrate opportunity to advise of the right to counsel and determine if appointed counsel is needed; 3) to allow the accused to waive preliminary examination or the magistrate to set a date for it; and 4) to let bail be fixed but does not purport to produce evidence relevant to guilt or innocence so that absence of counsel does not deny the right to a fair trial.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 6, 1969, at Detroit. (Docket No. 4,966.) Decided March 27, 1969.

Michael Killebrew was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

V. J. Brennan, J. Appellant was arrested as an armed robbery suspect on February 24, 1967, and subjected, the same day, to a lineup. The complainant identified appellant after he was told to put on his hat and coat. Arraignment on the warrant took place February 24, 1967; the preliminary

examination, March 6, 1967. Appellant was found guilty of armed robbery* on June 22, 1967.

Appellant seeks reversal of his conviction on several grounds. Four relate to the lineup; the last to the arraignment on the warrant.

He asserts the compulsory lineup violated his privilege against self-incrimination. This due-process right does not extend beyond testimonial compulsion. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). He maintains his privilege against self-incrimination was abridged by the failure to advise him of his right to refuse to appear in a lineup and the requirement that he put on his hat and coat. *Wade, supra,* again supplies the answer. He also maintains his right to counsel was violated as he was not represented by counsel at the lineup, nor advised of a right to counsel at that stage. This right, as announced in *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), is only prospective in its application (after June 12, 1967; see *People* v. *Wilson* [1967], 8 Mich App 651, 660–662).

Appellant's lack of counsel at the arraignment on the warrant and an alleged failure to advise him of his right to counsel at that stage serve as the basis for the claim that his right to counsel was again violated. This argument presupposes a due-process requirement that the state inform an accused that he may retain counsel, or, in case of indigency, one will be appointed for representation during the arraignment on the warrant. Such a requirement has not been explicitly imposed. See *People* v. *Doran* (1967), 6 Mich App 86, 88; *Pye, The Warren Court and Criminal Procedure,* 67 Mich L Rev 249, 266. The United States Supreme Court decisions (*e.g., Miranda* v. *Arizona* [1966], 384 US 436, [86

* CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).   .

S Ct 1602, 16 L Ed 2d 694]; *Gilbert* v. *California*
[1967], 388 US 263 [87 S Ct 1951, 18 L Ed 2d
1178]) indicate, however, that the right to benefit
of counsel attaches at "critical" stages of the pro-
ceedings.  This extension beyond the trial itself is
the result of the realization that

"today's law enforcement machinery involves
critical confrontation of the accused by the prose-
cution at pretrial proceedings where the results
might well settle the accused's fate and reduce the
trial itself to a mere formality."  Annotation, 18
L Ed 2d 1426.

Is an arraignment on the warrant a "critical"
stage in the law enforcement process?  "Critical
stage" is understood to mean prosecutorial activity
which has some effect on the determination of guilt
or innocence which could properly be avoided, or
mitigated, by the presence of counsel.  An arraign-
ment on the warrant has several functions:  it
provides formal notice of the charge against the
accused; the magistrate informs the accused of his
right to counsel and inquiry is made to determine
whether he is in need of appointed counsel; the
preliminary examination may be waived or set for
a certain date; and the arraigning judge may fix
bail.

The formal notice and indigency inquiry are not
within the fact-finding process.  The remaining
aspects may remotely effect the outcome, but to that
extent, may be cured at subsequent proceedings in
which the accused is represented by retained or
appointed counsel.  There are no evidentiary fruits.
In other words, the arraignment on the warrant is
not a confrontation where the absence of counsel
might derogate the accused's right to a fair trial.
At the same time, should counsel's presence be

required at this stage as a matter of policy, the criminally accused's right to a speedy arraignment could be substantially impaired.

For these reasons there was no error and the conviction is affirmed.

All concurred.