PEOPLE v WILLIAMS

1. CRIMINAL LAW—JURY VERDICT—UNCLEAR STATEMENT OF FOREMAN.
   A defendant's conviction was not void because it was based on a jury verdict which allegedly had no legal meaning where the trial court clarified the unclear statement of the verdict by the foreman, and polled the jury to verify the correct verdict.

2. CRIMINAL LAW—RIGHT TO COUNSEL—CRITICAL STAGES—RETURN OF VERDICT.
   A defendant was not denied her right to counsel at a "critical stage" of the proceedings against her when her attorney waived his presence at the time the verdict was returned because his presence was required in another courtroom since the return of the verdict is not that type of prosecutorial activity which has some effect on the determination of guilt or innocence which could properly be avoided, or mitigated, by the presence of counsel.

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 April 4, 1973, at Detroit. (Docket No. 14045.) Decided May 24, 1973.

Carmen Williams was convicted of assault with intent to commit great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 370–375.
[2] 21 Am Jur 2d, Criminal Law § 313.

*Robert F. Mitchell, Jr.,* and *Thomas J. Olejnik,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

V. J. BRENNAN, P. J. Defendant was charged with assault with intent to murder (MCLA 750.83; MSA 28.278) and convicted by a jury in the Wayne County Circuit Court of assault with intent to commit great bodily harm less than murder (MCLA 750.84; MSA 28.279). She appeals as of right and raises two arguments.

Her first argument is that her conviction is void because it is based on a jury verdict which has no legal meaning. When the court asked the foreman of the jury for their verdict, he responded as follows:

"We find the defendant guilty of a lesser charge of assault with felonious intent—with the intent to do great bodily harm."

The trial court then proceeded to clarify the verdict of the jury. He established that their verdict was in fact that defendant was guilty of assault with intent to do great bodily harm less than murder. The trial court also polled the jury to verify the verdict. In a similar situation, this Court recently held as follows:

"The verdict of the jury has to be clear. It is a matter of right that a defendant have a proper record made of the exact offense of which he has been convicted. *People v Stuart,* 274 Mich 246 (1936). In circumstances where the foreman's statement of the jury's decision is not clear, the trial court has an obligation to ascertain the real verdict of the jury. *Rabior v Kelley,* 194 Mich 107 (1916); *Standard Oil Co. v Gonser,* 331 Mich 29 (1951). The trial court's questioning of the foreman simply

clarified the verdict. *People v Fleish,* 306 Mich 8 (1943); *People v Jenkins,* 23 Mich App 39 (1970). The jury was properly polled. We find no prejudicial error." *People v Holliday,* 44 Mich App 210, 216 (1972).

We likewise find no prejudicial error.

Defendant's second argument is that she was denied her right to counsel at a "critical stage" of the proceedings in that her attorney waived his presence at the time the verdict was returned because his presence was required in another courtroom. While in one sense of the word, the verdict is the most "critical" portion of the trial, we do not feel defendant's argument is well taken. We have held that a "critical stage",

" * * * is understood to mean prosecutorial activity which has some effect on the determination of guilt or innocence which could properly be avoided, or mitigated, by the presence of counsel." *People v Killebrew,* 16 Mich App 624, 627 (1969).

While the absence of counsel is not a practice we would encourage, we find no prejudicial error requiring a reversal on the facts of this case.

Affirmed.

All concurred.