PEOPLE v DONALDSON

Docket No. 46031. Submitted November 4, 1980, at Lansing.—Decided
January 21, 1981.

William R. Donaldson was convicted of armed robbery and posses-
sion of a weapon in Ontario, Canada, and sentenced to seven
years in prison. Subsequently, a warrant for Donaldson's arrest
on a charge of first-degree murder was issued in Shiawassee
County, Michigan. The Shiawassee prosecutor was informed by
the crown attorney in Ontario that the Canadian authorities
would not permit extradition of the defendant until after he
served his Canadian sentence. The defendant was returned to
Michigan after serving his Canadian sentence. He was con-
victed, on his plea of guilty, of second-degree murder, in Shia-
wassee Circuit Court, Peter J. Marutiak, J. The defendant
appeals, alleging that the letters he wrote to the Shiawassee
County authorities and other United States officials while he
was incarcerated in Canada had the effect of being a demand
for a speedy trial. Further, he alleges that the failure of the
Shiawassee prosecutor to make a formal demand for his extra-
dition constituted a denial of his right to a speedy trial, his
constitutional right to counsel was violated by failure to ap-
point a Michigan attorney to represent him until after he was
returned to the state, and that he was improperly denied credit
against his sentence for the time he was incarcerated in the
Canadian prison system. *Held:*

1. The present extradition treaty between the United States

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Extradition §§ 10-13.
[2] 16A Am Jur 2d, Constitutional Law § 842.
   21 Am Jur 2d, Criminal Law §§ 309-317.
   75 Am Jur 2d, Trial § 190.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 314.
[4] 21 Am Jur 2d, Criminal Law § 314.
[5, 6] 21 Am Jur 2d, Criminal Law § 318 *et seq.*
   31 Am Jur 2d, Extradition § 64.
[6] 16A Am Jur 2d, Constitutional Law § 842.
[7, 8] 21 Am Jur 2d, Criminal Law §§ 545, 606.
   Right to credit for time spent in custody prior to trial or sentence.
   77 ALR3d 182.

and Canada provides that Canada need not consent to extradition before completion of any sentence that is validly imposed in Canada. Even after a Canadian sentence has been served, the Canadian authorities are given discretion as to whether or not to consent to extradition. There was no failure to afford a speedy trial because the prosecutor moved for a trial promptly after the return of the defendant to Michigan.

2. A defendant charged with a felony is not entitled to appointment of counsel by the Michigan courts in connection with the effort to extradite him from a foreign state.

3. A pre-arraignment investigation, absent any confrontation of the accused, is not a "critical" stage of the criminal proceedings against a defendant for purposes of the Sixth Amendment right to counsel.

4. The Michigan statute providing for credit against a sentence for time previously spent incarcerated refers to time spent incarcerated because a defendant was denied or unable to furnish bail. To be entitled to credit, the time a defendant spent in confinement must bear an intimate and substantial relationship to the crime for which he is subsequently convicted. The defendant is not entitled to credit for the time served in Canada for an unrelated charge.

Affirmed.

1. EXTRADITION — UNITED STATES-CANADIAN TREATY.

The extradition treaty between the United States and Canada presently in force specifically provides that Canada need not consent to extradition before completion of any sentence that may be validly imposed in Canada; the treaty vests discretion in the Canadian authorities with respect to extradition even after a sentence has been served (27 UST 983; TIAS 8237).

2. CONSTITUTIONAL LAW — RIGHT TO COUNSEL — CRITICAL STAGES.

A criminal defendant has a right to counsel at "critical" stages of the proceedings against him, which is understood to mean prosecutorial activity which has some effect on the determination of guilt or innocence which could properly be avoided or mitigated by the presence of counsel (US Const, Am VI).

3. CONSTITUTIONAL LAW — RIGHT TO COUNSEL — CRITICAL STAGES.

Stages of criminal proceedings which have been found not to be critical for purposes of the Sixth Amendment right to counsel include arraignment, the taking and analysis of clothing, the taking of handwriting samples, and the return of a verdict (US Const, Am VI).

4. Constitutional Law — Right to Counsel — Pre-Arraignment Investigation.

A pre-arraignment investigation, absent any confrontation of the accused, is not a critical stage of the criminal proceedings against a defendant for purposes of the Sixth Amendment right to counsel (US Const, Am VI).

5. Extradition — Indigent Fugitives — Uniform Criminal Extradition Act — Habeas Corpus.

An alleged fugitive in interstate extradition proceedings under the Uniform Criminal Extradition Act, if indigent, has a right to appointment of counsel in the asylum state for the limited purpose of challenging, through habeas corpus, the legality of his arrest under a governor's warrant; this act does not extend the right to counsel to either the initial arraignment on a fugitive warrant or the hearing before the governor (MCL 780.9; MSA 28.1285[9]).

6. Extradition — Appointment of Counsel.

A defendant charged with a felony is not entitled to appointment of counsel by the Michigan courts in connection with the effort to extradite him from a foreign state.

7. Criminal Law — Sentencing — Credit for Jail Time — Statutes.

The Michigan statute requiring the trial court to grant credit to a criminal defendant for time served in jail prior to sentencing in imposing the sentence is remedial and is to be liberally construed to achieve its legislative purpose to equalize as far as possible the status of the indigent and the less financially well-circumstanced accused with the status of the accused who can afford to furnish bail (MCL 769.11b; MSA 28.1083[2]).

8. Criminal Law — Sentencing — Credit for Jail Time.

The time to be credited against a defendant's sentence for time served in jail prior to sentencing must bear an intimate and substantial relationship to the crime for which such person is subsequently convicted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Lostracco,* Prosecuting Attorney, and *Louis J. Belzer,* Assistant Prosecuting Attorney, for the people.

*Terrence P. Dignan* and *Lynn D. Bowne,* for defendant on appeal.

Before: BEASLEY, P.J., and R. M. MAHER and R. S. HOFFIUS,* JJ.

BEASLEY, J. An investigation surrounding the disappearance of John H. Patterson around March 2, 1974, led to defendant, who was questioned by the police. On March 11, 1974, defendant was arrested and charged with armed robbery in Ontario, Canada, which fact was made known to the authorities in Shiawassee County on March 13, 1974. On March 14, 1974, the body of John H. Patterson was discovered in Bennington Township, Shiawassee County, under circumstances which indicated that he had been killed by a shotgun blast. On March 19, 1974, defendant was convicted of armed robbery and possession of a weapon in Ontario, and sentenced to seven years in prison. On April 19, 1974, a warrant was issued in Shiawassee County for defendant's arrest on a charge of murder in the first degree arising out of the shooting of John H. Patterson.

On April 22, 1974, the Shiawassee prosecutor went to Windsor, Ontario, Canada, where he spoke with the crown attorney. The Shiawassee prosecutor advises that he was told that the Canadian authorities would not permit extradition of defendant until after he served his Canadian sentence.

Eventually, after serving his sentence, defendant was returned to Michigan and was tried in 1979 for murder. After selection of the jury panel, but prior to swearing in of the jury, defendant pled guilty to murder in the second degree under a plea agreement whereby the murder in the first-degree

---

* Circuit judge, sitting on the Court of Appeals by assignment.

charge was dismissed. Defendant was sentenced to not less than 30 nor more than 60 years in prison, which sentence was to run consecutively to a not less than 9 nor more than 15 year sentence imposed in Bay County for robbery. Defendant now appeals as of right.

Defendant claims that because he wrote letters to the Shiawassee County authorities and other officials in the United States during the time that he was incarcerated in Canada he has been deprived of a speedy trial. He says that in his correspondence he requested appointment of counsel and that his letters had the effect of being a demand for a speedy trial. Specifically, defendant claims that the failure of the prosecutor to make a formal demand for extradition of defendant constituted denial of defendant's right to a speedy trial. We disagree.

The extradition treaty between the United States and Canada presently in force specifically provides that Canada need not consent to extradition before completion of any sentence that may be validly imposed in Canada.[1] As a matter of fact, the treaty does nothing more than vest discretion in the Canadian authorities with respect to extradition, even after a sentence has been served.

This treaty became effective on March 22, 1976, and, by its own terms, is not applicable to crimes committed prior to that date.[2] Prior to the present treaty, extradition between the United States and Canada was governed by the Webster-Ashburton Treaty of 1842[3] between the United States and Great Britain. While this treaty does not specifically address the issue raised in the present case,

[1] Treaty of Extradition Between the United States of America and Canada, 27 UST 983; TIAS 8237.

[2] *Id.,* Art 18(2).

[3] 8 Stat 572; TS 119.

the Convention of 1889 between the United States and Great Britain,[4] which supplements the Webster-Ashburton Treaty, provides:

"The extradition of fugitives under the provisions of this Convention and of the said Tenth Article shall be carried out in the United States and in Her Majesty's dominions, respectively, in conformity with the laws regulating extradition for the time being in force in the surrendering States."[5]

The applicable Canadian statute provides:

"A fugitive who has been accused of an offence within Canadian jurisdiction, not being the offence for which his surrender is asked, or who is undergoing sentence under a conviction in Canada, shall not be surrendered until after he has been discharged, whether by acquittal or by expiration of his sentence or otherwise."[6]

Under these circumstances, we are not inclined to hold that the prosecutor was obligated to seek extradition of defendant before expiration of his Canadian sentence. There was no failure to afford a speedy trial in this case, where the prosecutor moved for a trial promptly after the return of defendant to Michigan.

Second, defendant claims that his constitutional right to counsel was violated by failure to appoint a Michigan attorney for him until after his return to the state. Defendant claims that he was entitled to an attorney while he was incarcerated in Canada in order to start an investigation and preserve

---

[4] 26 Stat 1508; TS 139.

[5] *Id.,* Art VI.

[6] Canadian Extradition Act, Can Rev Stat 1970, Chap E-21, § 24.

evidence in his murder case and to insure his right to a speedy trial. We disagree.

In *United States v Wade*,[7] the United States Supreme Court stated that a criminal defendant has a Sixth Amendment right to counsel at "critical" stages of the proceedings. In *Wade,* the defendant was held to have a right to counsel at a post-indictment lineup.

A "critical stage" was defined in *People v Killebrew*[8] as follows:

" 'Critical stage' is understood to mean prosecutorial activity which has some effect on the determination of guilt or innocence which could properly be avoided, or mitigated, by the presence of counsel."

Stages of criminal proceedings which have been found not to be "critical" for purposes of the Sixth Amendment right to counsel include arraignment,[9] the taking and analysis of clothing,[10] the taking of handwriting samples,[11] and the return of a verdict.[12]

We hold that a pre-arraignment investigation, absent any confrontation of the accused, is not a critical stage of the criminal proceedings against defendant.

Under the Uniform Criminal Extradition Act,[13] an alleged fugitive in interstate extradition proceedings, if indigent, has a right to appointment of counsel in the asylum state for the limited purpose of challenging, through habeas corpus, the legality

[7] 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

[8] 16 Mich App 624, 627; 168 NW2d 423 (1969).

[9] *People v Killebrew, supra, People v Griffin,* 33 Mich App 474; 190 NW2d 266 (1971).

[10] *People v Griffin, supra.*

[11] *People v Smogoleski,* 14 Mich App 695; 166 NW2d 14 (1968).

[12] *People v Williams,* 47 Mich App 392; 209 NW2d 471 (1973).

[13] MCL 780.1 *et seq.;* MSA 28.1285(1) *et seq.*

of his arrest under a governor's warrant.[14] This act does not extend the right to counsel to either the initial arraignment on a fugitive warrant or the hearing before the governor.[15] The treaties involved in the present case do not make any provision for appointment of counsel.

We hold that a defendant charged with a felony is not entitled to appointment of counsel by the Michigan courts in connection with the effort to extradite him from the foreign state. Until the defendant is returned to Michigan for proceedings under the criminal warrant, the Michigan court is not obligated to appoint and furnish counsel for a defendant.

Defendant's final claim is that he was improperly denied credit for the time he was incarcerated in the Canadian prison system. We disagree.

MCL 769.11b; MSA 28.1083(2) provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

This statute is remedial and is to be liberally construed to achieve its legislative purpose.[16] That purpose is:

"* * * to equalize as far as possible the status of the indigent and the less financially well-circumstanced

---

[14] MCL 780.9; MSA 28.1285(9), *Rutledge v Ingham County Sheriff,* 21 Mich App 726; 176 NW2d 417 (1970), *cert den* 401 US 915; 91 S Ct 891; 27 L Ed 2d 814 (1971).

[15] *Rutledge v Ingham County Sheriff, supra.*

[16] *People v Face,* 88 Mich App 435; 276 NW2d 916 (1979), *People v Groeneveld,* 54 Mich App 424; 221 NW2d 254 (1974).

accused with the status of the accused who can afford to furnish bail."[17]

In order to be entitled to credit, "the time spent in confinement must 'bear an intimate and substantial relationship to the crime for which such person is subsequently convicted' ".[18]

In the present case, no time was served in Canada "because of being denied or unable to furnish bond for the offense of which he is convicted". Neither did the time served "bear an intimate and substantial relationship" to the crime for which defendant was subsequently convicted.[19]

Under these circumstances, we believe that the clear language of the statute indicates that defendant is not entitled to credit for the time served in Canada for an unrelated charge.

Affirmed.

[17] *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970).

[18] *People v Face, supra,* 439, *People v Groeneveld, supra,* 427-428.

[19] See, also, *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977).