# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PHILLIP JAMES LANAVILLE,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2017

No.  331531
Delta Circuit Court
LC No.  14-008948-FH

Before:  SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of two counts of home invasion, first-degree, MCL 750.110a(2), home invasion, second-degree, MCL 750.110a(3), breaking and entering with intent to commit a larceny, MCL 750.110, and unlawful driving away of an automobile, MCL 750.413.  The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 20 to 30 years for each of the first-degree home invasion convictions, 11 to 30 years for the second-degree home invasion conviction, 6 to 30 years for the breaking and entering conviction, and 4 to 30 years for the unlawful driving away of an automobile conviction.  Defendant appeals as of right, and we affirm.

Defendant's convictions resulted from a series of break-ins where firearms and other valuables were stolen.  Defendant openly described his crimes to the police.

Defendant first argues that the charges should have been dismissed because a violation of the 180-day rule occurred.  Generally, prisoners within Michigan correctional facilities who have pending criminal charges " 'shall be brought to trial within 180 days after' " the Department of Corrections (DOC) provides the prosecutor with a written notice of the imprisonment.  *People v Lown*, 488 Mich 242, 255; 794 NW2d 9 (2011), quoting MCL 780.131(1).  This Court reviews a ruling on a motion to dismiss for violation of the 180-day rule de novo.  *People v McLaughlin*, 258 Mich App 635, 643; 672 NW2d 860 (2003).

The prosecutor ultimately has the responsibility of moving a case forward towards a trial. *People v Forrest*, 72 Mich App 266, 270; 249 NW2d 384 (1976).  The Supreme Court has determined that MCL 780.131 requires that the prosecutor " 'proceed promptly' and 'move[ ] the case to the point of readiness for trial' within the 180-day period," rather than requiring that the trial begin in the 180-day period.  *Lown*, 488 Mich at 246, quoting *People v Hendershot*, 357 Mich 300, 304; 98 NW2d 568 (1959).  According to MCL 780.133, the trial court would lose

-1-

jurisdiction and be required to dismiss the case when the "action is not commenced on the matter within the 180-day period." *Lown*, 488 Mich at 256 (quotation marks omitted).

The 180-day rule requires that the prosecutor begin proceedings on the pending charges with prompt and " 'apparent good-faith action . . . toward readying the case for trial.' " *Id.* at 257, quoting *Hendershot*, 357 Mich at 304. "[T]he relevant question is . . . whether action was commenced within 180 calendar days following the date the prosecutor received the notice. If so, the rule has been satisfied . . . ." *Lown*, 488 Mich at 247.

Here, the DOC sent the prosecutor a letter dated March 28, 2014, that informed of defendant's imprisonment; it was stamped March 31, 2014, which is the date it was presumably received by the prosecutor. Defendant's trial commenced on December 8, 2015. Although it took 21 months to bring defendant to trial, the prosecutor did commence action toward trial within 180-days, and continued progressing toward trial without unexcused delay throughout the procedural history of the case.

Defendant filed his first motion to dismiss based, in part, on failure to comply with the 180-day rule, on November 25, 2014, and the hearing on this motion was held on December 1, 2014. The trial court denied defendant's motion, finding that the prosecutor "has commenced the action to bring the defendant to trial well within the 180-day period, was actually ready to proceed and has been ready to proceed during that period, and has remained ready to proceed with the trial at all times thereafter." The trial court stayed the proceedings on December 12, 2014, while defendant pursued an interlocutory appeal, the application for which was denied by this Court on March 27, 2015. Defendant states that the trial court's first denial of his motion to dismiss was arguably correct, and states that this period of time "is not at issue" in this appeal. Thus, defendant does not dispute that the prosecutor commenced action to bring defendant to trial within 180 days of his referral letter from the DOC until the denial of his application for leave to appeal on March 27, 2015.

Defendant argues that the prosecutor violated the 180-day rule by failing to timely bring him to trial after March 27, 2015; trial did not occur until December 8, 2015, over eight months later. However, the 180-day period is not divisible into sections, as it "is a fixed, consecutive period." *Lown*, 488 Mich at 263. A prosecutor satisfies the 180-day rule by commencing the action within the 180 days following the notice letter, "unless the prosecutor's initial steps are followed by inexcusable delay beyond the 180-day period and [there is] an evident intent not to bring the case to trial promptly . . . ." *Id.* at 247 (citation and quotation marks omitted). When the prosecutor "takes no action or delays inexcusably after taking preliminary steps, . . . 'the statute opens the door to a finding by the court that good-faith action was not commenced . . . .' " *Id.* at 257-258, quoting *Hendershot*, 357 Mich at 303-304. Essentially, defendant is arguing that the prosecutor violated the 180-day rule by taking no action or inexcusably delaying following our Court's denial of his application for interlocutory appeal.

Yet, four days after defendant's application to appeal was denied, the trial court scheduled a status conference for April 15, 2015. Then, defendant's trial attorney, John M. Bergman, died on April 27, 2015. Defendant filed two motions *in propria persona* on July 7, 2015, one to dismiss based on the assertion that his statement was given while in custody and one requesting the appointment of his former trial counsel's son, John M. A. Bergman, as his counsel, or the appointment of new counsel. Thus, after April 15, 2015, other than filing the two

motions and the passing of his attorney, there was no action on the case for 100 days, until August 4, 2015, when the trial court scheduled a status conference for August 7, 2015.

On August 8, 2015, the trial court appointed John M.A. Bergman as successor counsel. Thus, between the time of the presumed status conference and the order appointing counsel, 136 days passed. Two days later, the court scheduled the trial to begin on December 8, 2015. The record does not clearly indicate why trial was scheduled for four months later, but the prosecutor represented that all parties agreed that the trial date was acceptable. Defendant's motion to dismiss was denied on August 12, 2015.

After defense counsel's appointment, the prosecutor sent a plea offer to defendant's trial counsel. The prosecutor indicated that there had been ongoing negotiations relative to a different offer between the former prosecutor (who was apparently elected to office) and the first Mr. Bergman; he revoked the initial offer and presented a new offer. Defendant then sought a preliminary evaluation of his sentence length on September 4, 2015, and the trial court provided such an evaluation on September 28, 2015, which was discussed at a September 28 hearing. Negotiations apparently broke down, as the prosecutor filed a witness list and exhibit list on October 13, 2015, and issued various trial subpoenas in mid-October 2015. The prosecutor filed an amended witness list on October 19, 2015, and additional subpoenas were issued. A notice of intention to admit evidence of other crimes, according to MRE 404(b), was filed on October 20, 2015, which was the subject of a November 9, 2015 hearing, and came after more subpoenas and a November 4, 2015 second amended witness list. A third amended witness list was also filed on November 9, 2015.

A first amended exhibit list was filed on November 12, 2015, and more subpoenas were issued. Defendant filed several motions *in propria persona* on November 13, 2015, including for substitute counsel, notice of perjured testimony, to disqualify the trial judge, to change venue, to suppress his confession and identification, and to dismiss for violation of the 180-day rule. The court issued an order allowing the other acts evidence on November 13, 2015. Defendant's *in propria persona* motions were argued at hearings on November 23 and November 30, 2015. The prosecutor filed responses to the motions on November 24, 2015, and the court issued orders denying various motions on November 24, 2015, and an opinion denying a motion to disqualify the judge on December 7, 2015. The trial began as scheduled on December 8, 2015.

Thus, there was a period of apparent inactivity from the time of the presumed status conference on April 15, 2015, which included the death of defendant's counsel on April 27, 2015, and lasted until the appointment of successor counsel on August 8, 2015. The brief period of time before the death of defendant's counsel and following the appointment of successor counsel included several actions moving the case towards readiness for defendant's trial.

Although there was a period of inactivity before defendant's successor counsel was assigned, there is no evidence to show that "the prosecutor's initial steps [we]re followed by inexcusable delay beyond the 180-day period," that the prosecutor had an "intent not to bring the case to trial promptly," *Lown*, 488 Mich at 247 (citation and quotation marks omitted), or that " 'good-faith action was not commenced.' " *Id.*, at 257-258, quoting *Hendershot*, 357 Mich at 303-304. "Where the trial does not begin until well after the 180 day period has expired, the court may still have jurisdiction to proceed if the initial action was followed by reasonable diligence of the prosecution and steady progress towards trial, even if there have been significant

delays not caused by the defendant." *Forrest*, 72 Mich App at 270.  Therefore, the trial court did not err in denying defendant's motion for a new trial based on violation of the 180-day rule.

Next, defendant argues that his right to be present during critical times of his trial was violated when he was not physically present during three pretrial motion hearings.  Defendant did not object to participating by video, rather than in person.  Thus, this issue was not properly preserved for appeal.  Unpreserved claims, including constitutional claims, are reviewed for plain error affecting substantial rights.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).  Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if the "error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *Id.* at 763 (citations and quotation marks omitted; alteration in original).

On December 1, 2014, defendant participated by video in a hearing on motions to suppress his confession, and to dismiss the case for violation of the 180-day rule.  Three witnesses, including defendant, provided testimony.  Defendant also participated by video in a November 23, 2015 hearing on his motion for a bill of particulars, motion to disqualify the trial judge, motion for a new attorney, and motion to give immunity to a witness, and at a November 30, 2015 hearing on motions to change venue, suppress the confession, dismiss for violation of the 180-day rule, and suppress identification.  Witnesses also testified at the November 23 hearing.  Defendant did not appear at a November 9, 2015 hearing on the prosecutor's motion to admit other acts evidence.

Defendant argues that his constitutional right to be present at his trial proceedings was violated.  "The Due Process Clause and the Confrontation Clause of the Sixth Amendment, as applied to the States via the Fourteenth Amendment, both guarantee to a criminal defendant . . . the right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings."  *Tennessee v Lane*, 541 US 509, 523; 124 S Ct 1978; 158 L Ed 2d 820 (2004) (citation and quotation marks omitted).[1]  Defendant had a "right to personal presence at all critical stages of the trial . . . ."  *Rushen v Spain*, 464 US 114, 117; 104 S Ct 453; 78 L Ed 2d 267 (1983).  "Critical stage is understood to mean prosecutorial activity which has some effect on the determination of guilt or innocence which could properly be avoided, or mitigated, by the presence of counsel."  *People v Donaldson*, 103 Mich App 42, 48; 302 NW2d 592 (1981), quoting *People v Killebrew*, 16 Mich App 624, 627; 168 NW2d 423 (1969) (quotation marks omitted).

However, despite defendant's right to be physically present at any aspect of the trial where his "substantial rights might be adversely affected," *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984), the general rule is "that motions, conferences and discussions of law, even during trial, do not involve substantial rights vital to the defendant's participation in his

---

[1] US Const, Ams IV, VI, and XIV.

defense." *People v Thomas*, 46 Mich App 312, 320; 208 NW2d 51 (1973).[2]  Thus, defendant's constitutional right to be physically present at critical stages of his trial was not infringed.

Defendant also argues, correctly, that the trial court was not authorized by court rule to conduct pretrial motion hearings with defendant attending by video.  MCR 6.006(A) provides for the use of two-way interactive video technology for court proceedings, as follows:

> District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, sentencings for misdemeanor offenses, show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, and waivers and adjournments of preliminary examinations.

Because the court rule does not permit a defendant to attend a motion by video, the trial court erred in conducting motion hearings that defendant attended electronically.  Additionally, because the court rule expressly lists "the proceedings amenable to the employment of two-way interactive video technology, the Supreme Court has telegraphed that this means of communication may not be used elsewhere." *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016), citing *In re MCI Telecom Complaint*, 460 Mich 396, 415; 596 NW2d 164 (1999) ("The express mention of one thing in a statute implies the exclusion of other similar things.").[3]  Further, MCR 6.006(C)(1) permits trial courts to utilize two-way interactive video technology to allow witnesses to testify from other locations if the defendant is present or has waived the right to be present at an evidentiary hearing.  Thus, within MCR 6.006, the court rule distinguished between pretrial conferences and evidentiary hearings.

Although the trial court could not use two-way interactive video technology to ensure defendant's presence at pretrial motion hearings, defendant is not able to demonstrate plain error.  We note that he confessed to the crimes, and the pretrial motion hearings were not critical stages of the trial that required his physical presence.  Thus, defendant was not prejudiced by the error, nor did the error result in proceedings that were unfair to defendant.

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher

---

[2] "A defendant has a right to be present during the voir dire, selection of and subsequent challenges to the jury, presentation of evidence, summation of counsel, instructions to the jury, rendition of the verdict, imposition of sentence, and any other stage of trial where the defendant's substantial rights might be adversely affected." *Mallory*, 421 Mich at 247.

[3] Court rules are interpreted using the same principles that apply to the interpretation of statutes. *People v Buie*, 491 Mich 294, 304; 817 NW2d 33 (2012).