# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREGORY PIERRE MATTHEWS,

        Defendant-Appellant.

UNPUBLISHED
July 13, 2017

No. 331177
Kent Circuit Court
LC No. 14-011691-FC

Before: SAWYER, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; felon-in-possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 35 to 60 years for the armed robbery and felon-in-possession convictions, which were to be served consecutive to a two-year sentence for the felony-firearm conviction. Defendant appeals as of right. For the reasons explained in this opinion, we affirm.

According to the evidence introduced at trial, on the morning of September 28, 2014, William Kirkland, who was wearing a white shirt, was approached by defendant, who was wearing a black hooded sweatshirt. Defendant pointed a gun at Kirkland and told Kirkland to hand over his "stuff" and money. Kirkland, who was scared, threw a Rolex watch and a pair of Cartier glasses, which he had bought just two days earlier after winning some money in a poker game, on the ground. Defendant picked up the items and, following a 15-minute argument with Kirkland, walked to a gray minivan and drove away. The jury convicted defendant as noted above. Defendant now appeals as of right.

## I. ALIBI WITNESSES

On appeal, defendant argues that the trial court erred in precluding his two alibi witnesses from testifying at trial. In particular, on the first day of trial, defendant identified Diana Babaan as an alibi witness who would testify that she drove defendant to his mother's house on the morning of the robbery. Defendant also indicated that he wished to call his mother to testify that defendant had been dropped off at her house that morning. However, given that defendant had known of these witnesses since the date of the robbery, the trial court reasoned that defendant's failure to file a timely notice of alibi warranted the exclusion of the proposed witnesses.

-1-

We review a trial court's decision to exclude alibi testimony for the failure to provide a timely notice of alibi for an abuse of discretion. *People v Travis*, 443 Mich 668, 679-680; 505 NW2d 563 (1993). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

Under MCL 768.20(1), a defendant must give advanced, written notice of an alibi defense. Specifically, MCL 768.20(1) provides that a defendant "shall at the time of arraignment on the information or within 15 days after that arraignment but not less than 10 days before the trial of the case, or at such other time as the court directs, file and serve" on the prosecutor a written notice of alibi. There is no dispute that defendant failed to comply with MCL 768.20(1).

The sanction for a defendant's failure to file and serve the required notice of alibi is set forth in MCL 768.21(1): "[i]f the defendant fails to file and serve the written notice prescribed in [MCL 768.20], the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi . . . ." However, the sanction of exclusion for a defendant's failure to file the required notice is not mandatory. *Travis*, 443 Mich at 677-679. Rather, a trial court retains discretion to allow alibi witnesses, who were not properly disclosed, to testify. *Id.* Indeed, preclusion is considered an extreme sanction limited to "an egregious case." *People v Merritt*, 396 Mich 67, 82; 238 NW2d 31 (1976). When reviewing a trial court's decision, we judge the trial court's exercise of its discretion by considering the following factors:

> (1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case. [*Travis*, 443 Mich at 682-683 (quotation marks and citation omitted).]

In this case, defendant's failure to disclose his alibi witnesses prejudiced the prosecutor. Because defendant did not disclose his alibi witnesses to the prosecutor until the first day of trial, the prosecutor never had an opportunity to interview the witnesses and to investigate their potential testimony. The reason for the delayed disclosure was that defendant did not inform defense counsel of the alibi witnesses until four days before trial, even though defendant had more than 11 months—a period in which trial was adjourned two times—to tell defense counsel about the witnesses. Defendant had a "duty to be candid and forthcoming with [his] lawyer," *Taylor v Illinois*, 484 US 400, 418; 108 S Ct 646; 98 L Ed 2d 798 (1988); and his failure to share his alibi information with counsel is particularly striking given that, according to his attorney, defendant wrote counsel a letter, "indicating all of the defenses he wanted," but defendant did not mention his alibi witnesses. Similarly, months before trial, defendant wrote a letter to the trial court, offering a variety of challenges to the evidence against him, but again failing to mention his alibi witnesses. Yet, defendant admitted at trial that he had known of the witnesses since the date of the offense. In these circumstances, defendant's decision not to disclose information that was in his possession does not provide a good reason for failing to file a timely notice of alibi. No subsequent events mitigated the prejudice to the prosecutor. Although defendant now claims that any prejudice could have been alleviated by a "brief delay" to give the prosecutor time to interview the alibi witnesses, defendant did not request a continuance on the

first day of trial. The longstanding rule of this state is that, absent a request for a continuance, a trial court should assume that a party does not desire a continuance. *People v Elston*, 462 Mich 751, 764; 614 NW2d 595 (2000).

In terms of the other properly admitted evidence, there was substantial evidence of defendant's guilt. Kirkland, who was acquainted with defendant, identified defendant in a "photo show" and testified at trial that defendant, wearing a black hooded sweatshirt, stole his watch and glasses at gunpoint in a parking lot on Christie Avenue. In addition to Kirkland's testimony, Anne Mikaya and Jacqueline Ruffin, who lived in separate residences on Christie Avenue, testified that on September 28, 2014, they were woken by an argument outside. Each woman looked out a window and saw a man, dressed in black clothes, with a gun. Mikaya saw the man point the gun at the other man, who was wearing a white shirt. Ruffin woke her daughter-in-law, Constance Coleman, and when Coleman looked out a window, she also saw a man, wearing black clothes, pointing a gun at a man, who was wearing a white shirt. Officer Zachary Smigiel testified that Kirkland was wearing a white shirt on the day of the robbery. It is true that Kirkland's stolen watch and glasses were never found and that the police did not find a black hooded sweatshirt, a gun, or the gray minivan. However, defendant attempted to evade arrest by hiding in a pile of clothing; and, soon after he was arrested, defendant told someone over the phone that he "just fucked up so bad."

Considering the relevant factors, we conclude that the trial court did not abuse its discretion by precluding defendant's alibi witnesses from testifying. *Travis*, 443 Mich at 680, 682. Where defendant had no good reason for not making a timely disclosure of the witnesses and the prosecutor was prejudiced by the failure to disclose, the trial court's decision did not fall outside the range of reasonable and principled outcomes. See *Unger*, 278 Mich App at 217.

With respect to his proposed alibi defense, defendant also raises a constitutional challenge on appeal, arguing that he was denied his right to present a defense when the trial court precluded his alibi witnesses from testifying. Because defendant did not raise this argument below, it is unpreserved. *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). We review unpreserved claims of constitutional error for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

A defendant has a constitutional right to present a defense. *People v Hayes*, 421 Mich 271, 278; 364 NW2d 635 (1984). However, the right is not absolute. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). In presenting a defense, a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v Mississippi*, 410 US 284, 302; 93 S Ct 1038; 35 L Ed 2d 297 (1973). "Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Unger*, 278 Mich App at 250 (citation omitted). MCL 768.20 is an established rule of procedure, see *Travis*, 443 Mich at 675, and it was clearly designed to ensure fairness and reliability in the ascertainment of guilt and innocence by preventing the wrongful use of an alibi defense and by allowing the prosecution time and information to investigate the merits of such a defense. See *id.* at 675-676; *Merritt*, 396 Mich at 77. Moreover, the notice requirement, and the exclusion of witnesses for failing to comply, is neither arbitrary nor disproportionate. The statutory provisions merely represent "reasonable conditions" aimed at protecting against "an eleventh-

hour" alibi defense. *People v Jackson*, 71 Mich App 395, 398-399; 249 NW2d 132 (1976). See also *Taylor*, 484 US at 411-414 & n 17. Given defendant's failure to comply with MCL 768.20, on the facts of this case, the trial court's exclusion of eleventh hour alibi witnesses did not violate defendant's right to present a defense. There was no plain error. *Carines*, 460 Mich at 763-764.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that the jury's verdict was against the great weight of the evidence. Specifically, defendant contends that the "only evidence" against him at trial was the "incredible" testimony of Kirkland, who had a motive to lie. We disagree.

Defendant did not move the trial court for a new trial on the ground that the verdict was against the great weight of the evidence, meaning that the issue is unpreserved and reviewed for plain error affecting defendant's substantial rights. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Absent exceptional circumstances, credibility determinations are the exclusive province of the jury. *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015). Generally, "conflicting testimony or a question as to the credibility of a witness are not sufficient grounds for granting a new trial." *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998) (citation omitted). Rather, exceptional circumstances warranting a new trial exist when "testimony contradicts indisputable physical facts or law," the "testimony is patently incredible or defies physical realities," the "testimony is material and is so inherently implausible that it could not be believed by a reasonable juror," or the "testimony has been seriously impeached and the case marked by uncertainties and discrepancies." *Id.* at 643-644 (quotation marks and citations omitted).

According to defendant, Kirkland's testimony was patently incredible and inherently implausible in light of several matters testified to at trial, including (1) the fact that the police never found a gun, a gray minivan, Kirkland's glasses and watch, or a black hooded sweatshirt in defendant's possession, (2) that Kirkland had a motive to lie because defendant was having a relationship with the mother of his children, (3) that Kirkland and defendant had a 15-minute conversation while defendant pointed the gun at him, and (4) that Kirkland never mentioned a man named Jay being present during the armed robbery until he testified at the preliminary examination. However, while these issues might bear on Kirkland's credibility and the weight of the evidence, none of these facts rendered Kirkland's testimony patently incredible or inherently implausible. This is especially true when there was other evidence supporting Kirkland's description of the robbery, including three witnesses who corroborated part of Kirkland's testimony to the extent they saw a man dressed in black pointing a gun at a man wearing a white t-shirt. Further, Officer Smigiel testified that Kirkland was wearing a white t-shirt on the day of the robbery; and, shortly after he was arrested, defendant told someone that he "just fucked up so bad." Because Kirkland's testimony was not patently incredible or inherently implausible, we may not interfere with the jury's determination that Kirkland's testimony was credible. *Id*.

## III. BINDOVER

Next, defendant argues that his convictions should be set aside because there was insufficient admissible evidence at the preliminary examination to bind defendant over for trial on a charge of armed robbery. However, it is well-settled that "[i]f a defendant is fairly convicted at trial, no appeal lies regarding whether the evidence at the preliminary examination was sufficient to warrant a bindover." *People v Wilson*, 469 Mich 1018; 677 NW2d 29 (2004). Defendant was fairly convicted at trial, meaning that any error in the bindover has been rendered harmless and defendant cannot now challenge the sufficiency of the evidence presented at the preliminary examination. *Id.*; *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010).

Alternatively, defendant contends that his attorney provided ineffective assistance by failing to file a motion to quash the bindover or to seek an interlocutory appeal. This unpreserved claim of ineffective assistance is without merit because any efforts by counsel to challenge the bindover would have been futile. See *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011). Kirkland testified at the preliminary examination that, on September 28, 2014, defendant approached Kirkland in a parking lot, pointed a gun at him, and told him to "run that shit." Kirkland was "a little petrified," and he threw his watch and glasses on the ground. Defendant picked them up. Kirkland knew defendant and he identified defendant as the robber. From Kirkland's testimony, there was evidence of each element of armed robbery, as well as probable cause to believe that defendant committed the crime. See MCL 750.529; *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009); *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007). Given that there was sufficient evidence to support the bindover, defense counsel was not ineffective in failing to file a futile motion to quash or to pursue an interlocutory appeal. *Fonville*, 291 Mich App at 384.

## IV. *LOCKRIDGE*

Defendant argues that his minimum sentence of 35 years' imprisonment is unreasonable and that he is entitled to resentencing because *Lockridge* instructs that "[r]esentencing will be required when a sentence is determined to be unreasonable." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). However, defendant is mistaken in his assertion that the "reasonableness" review described in *Lockridge* applies to his sentence. In actuality, under *Lockridge*, "[a] sentence that *departs* from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* (emphasis added). Defendant's minimum sentence was not a departure sentence, meaning that our review is instead governed by MCL 769.34(10), which states that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." The decision in *Lockridge* "did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Thus, because defendant's sentence falls within the minimum guidelines range and he has not alleged that the trial court erred in scoring the sentencing guidelines or relied on inaccurate information, we must affirm defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

## V. STANDARD 4 BRIEF

In a Standard 4 brief, defendant raises several claims of ineffective assistance of counsel.[1] Because defendant did not move for a new trial or an evidentiary hearing, our review is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objective standards of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008). A defendant also bears the burden of establishing the factual predicate his claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

First, defendant argues that defense counsel was ineffective for failing to challenge the complaint. According to defendant, there was no probable cause for the warrant because the warrant for his arrest was issued three days before the date on the complaint and an affidavit of probable cause. Defendant's argument is factually unsupported. According to the documents in the lower court record, on October 13, 2014, a complaint against defendant was filed and an affidavit of probable cause was submitted. See MCR 6.101(A); MCR 6.102(B). On the same day, the district court issued a warrant for defendant's arrest.[2] See MCR 6.102(A). Based on the dates of the complaint, the affidavit, and the warrant, defendant has failed to prove the factual predicate for his claim, i.e., that a warrant was issued before probable cause was established via the complaint and affidavit. See MCR 6.102(B); *Hoag*, 460 Mich at 6. In any event, defendant cannot show prejudice because any irregularity in the complaint or warrant would not have ultimately prevented the case from proceeding to trial. See *People v Burrill*, 391 Mich 124, 133; 214 NW2d 823 (1974).

Second, defendant argues that defense counsel was ineffective for failing to object at the preliminary examination to a receipt for Kirkland's glasses. According to defendant, the receipt was irrelevant and inadmissible because it was dated November 1, 2014, after the robbery. Defendant is correct that, at the preliminary hearing, Kirkland identified the receipt as being for his replacement glasses, and he stated that the receipt for his stolen glasses was at his house. However, the prosecutor never moved to admit the receipt for the replacement glasses into evidence, and there no indication the receipt impacted the trial court's bindover decision. Under these circumstances, defense counsel's failure to object to the receipt did not fall below objective standards of reasonableness and it did not affect the outcome of the proceedings. *Uphaus (On Remand)*, 278 Mich App at 185.

---

[1] To the extent the arguments in defendant's Standard 4 brief overlap with the claims raised by his appellate attorney, we will not repeat our analysis of those issues.

[2] On the complaint, there is a section which indicates that the warrant was "authorized" on October 10, 2014. It appears that this authorization represents the approval required by the prosecuting official under MCR 6.101(C). It is not an indication that the warrant was issued by the district court before being presented with the complaint or affidavit of probable cause. Rather, the warrant issued by the district court is a separate document, dated October 13, 2014.

Third, defendant argues that he was denied effective assistance of counsel because defense counsel failed to communicate with him until counsel visited defendant in jail the week before trial. Even assuming that the factual predicate of defendant's claim is true, defendant has not alleged any prejudice as a result of this deficient performance. Because prejudice is an element of an ineffective assistance of counsel claim, *id.*, we reject this claim of ineffective assistance of counsel.

Fourth, defendant argues that defense counsel, after being informed of the alibi witnesses, failed to investigate the witnesses and to file a timely notice of alibi, thereby depriving defendant of a substantial defense. A defendant is entitled to have counsel prepare, investigate, and present all substantial defenses. *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999). However, "counsel cannot be found ineffective for failing to pursue information that his client neglected to tell him." *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). When a defendant claims that counsel was ineffective for failing to raise a defense, the defendant must show that he made a good-faith effort to avail himself of the right to present the defense and that the defense was substantial. *In re Ayres*, 239 Mich App at 22.

In this case, regardless of whether the alibi witnesses would have provided a substantial defense, it was not defense counsel's performance that prohibited the presentment of this defense. Rather, defendant failed to make a good-faith effort to avail himself of the right to present the alibi witnesses. *Id*. By his own admission, defendant had known of the witnesses in question since the date of the robbery: September 28, 2014. Defendant was arrested in November 2014 and bound over for trial in December 2014. Yet, defendant waited approximately 11 months, until 4 days before trial, which was his third trial date, before he told defense counsel about the alibi witnesses. By that time, any notice of alibi would have been untimely. See MCL 768.20(1). Nevertheless, defense counsel did endeavor to speak with the witnesses and to introduce their testimony at trial. The trial court excluded the witnesses because a timely notice of alibi had not been filed; but, it was defendant's delayed disclosure of the witnesses that prohibited defense counsel from filing a timely notice of alibi. In these circumstances, defendant has not shown that counsel performed unreasonably or that, but for counsel's performance, there was a reasonable probability of a different outcome.[3] *Uphaus (On Remand)*, 278 Mich App at 185.

---

[3] In his Standard 4 brief, defendant asks that we remand for an evidentiary hearing to develop the testimony of his alibi witnesses in order to determine whether counsel was ineffective for failing to present an alibi defense; and, defendant has presented this Court with affidavits from the two witnesses. Defendant has not followed the rules for placing such a motion before this Court. See MCR 7.211(C)(1). In any event, the request for an evidentiary hearing is denied because the development of a factual record is not required for our consideration of this issue. See MCR 7.211(C)(1)(a)(*ii*). Regardless of what testimony the witnesses might have offered, the fact remains that defendant failed to bring the existence of these witnesses to defense counsel's attention until 4 days before trial. In these circumstances, as discussed, defense counsel did not provide ineffective assistance; rather, defendant failed to make a good-faith effort to avail himself of the right to present an alibi defense. See *In re Ayres*, 239 Mich App at 22.

Fifth, defendant argues that defense counsel was ineffective for failing to object when the trial court assessed 25 points for PRV 1. PRV 1 addresses prior high severity felony convictions, and it is properly scored at 25 points when an offender "has 1 prior high severity felony conviction." MCL 777.51(1)(d). A conviction of "[a] crime listed in offense class M2, A, B, C, or D," if it was entered before the sentencing offense was committed, is a prior high severity felony conviction. MCL 777.51(2)(a). Before committing the present offenses, defendant was convicted of possession with intent to deliver less than 50 grams of cocaine. Possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), is a class D crime. MCL 777.13m. Because defendant had one prior high severity felony conviction, the trial court did not err in scoring PRV 1, and any objection would have been futile. Defense counsel was not ineffective for failing to make a futile objection. *Fonville*, 291 Mich App at 384.

Thus far in our analysis, defendant's complaints about his attorney's performance have implicated the *Strickland*[4] test for analyzing a claim of ineffective assistance of counsel. However, in his Standard 4 brief, defendant also cites *Cronic*,[5] which, unlike *Strickland*, involves a presumption of prejudice in certain rare situations, such as the denial of counsel at a critical stage of the proceedings. See *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). In particular, defendant argues that he was denied counsel at a critical stage of the proceedings because defense counsel filed a motion to withdraw and counsel did not appear to represent him on June 10, 2015, when he was arraigned on the bench warrant that was issued after he failed to appear for trial on April 13, 2015. However, although defense counsel had expressed a desire to withdraw from the case, no order to that effect was entered and the transcript for the June 10, 2015 arraignment indicates that defense counsel appeared on defendant's behalf. Because it is not apparent from the record that defense counsel failed to appear at the June 10, 2015 arraignment, we reject defendant's claim that he was denied counsel at a critical stage of the proceedings.[6] See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

_____

[4] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

[5] *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984).

[6] We note that, while the transcript lists defense counsel's appearance on behalf of defendant, defense counsel did not speak at the arraignment. But, even if defense counsel did not appear at the June 10, 2015 arraignment, defendant's *Cronic* argument is without merit. A defendant has the right to counsel during all critical stages of a criminal prosecution. *People v Collins*, 298 Mich App 458, 470; 828 NW2d 392 (2012). Typically, in Michigan, an arraignment on a warrant is not considered a critical stage of the proceedings. See *People v Green*, 260 Mich App 392, 399; 677 NW2d 363 (2004), overruled on other grounds *People v Antsey*, 476 Mich 436 (2006); *People v Horton*, 98 Mich App 62, 72; 296 NW2d 184 (1980). And, defendant has not shown anything that occurred at the June 10, 2015 arraignment that renders this arraignment in particular a critical stage of the proceedings. See *White v Maryland*, 373 US 59, 60; 83 S Ct 1050; 10 L Ed 2d 193 (1963). At the arraignment, the trial court only asked defendant if there was a reason why he did not appear for trial and questions about his bond. Defendant did not waive any defenses or compromise any rights, and the arraignment had no effect on the

-8-

Finally, defendant also argues that the cumulative effect of defense counsel's errors, mistakes, and negligence deprived him of a fair trial. However, because defendant has not established any errors, there is no cumulative effect that would warrant reversal of defendant's convictions. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

determination of defendant's guilt or innocence. See *Green*, 260 Mich App at 399; *People v Killebrew*, 16 Mich App 624, 627; 168 NW2d 423 (1969). As such, the arraignment was not a critical stage in the proceedings for purposes of *Cronic*.